IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN BROWN,

        Plaintiff,

vs.

        Case No. 06-3003-JTM

MICHAEL GRAY, *et al.*,

        Defendants.

MEMORANDUM AND ORDER

The present matter arises from plaintiff's motions, including the "Motion for Hearing to Allow Extension of Time and Injunction from Constitution Level Blocking Access to Courts" (Dkt. No. 46) and "Motion for Hearing/Injunction" (Dkt. No. 48). Defendants have responded to both motions. (Dkt. Nos. 49, 50.) Plaintiff has not filed a reply and the time to do so has expired. D.Kan. Rule 6.1(d). Having reviewed the submissions of the parties, the court denies plaintiff's motions.

*I.  Factual Background:*

Plaintiff Brian Brown is a prisoner currently being held at the Federal Correctional Institution in Coleman, Florida ("Coleman"). Plaintiff filed the present lawsuit alleging various Constitutional violations relating to his incarceration at the United States Penitentiary in Leavenworth, Kansas.

Plaintiff recently filed two motions with the court. The first seeks a hearing to allow an extension of time as well as an injunction "from constitution level blocking access to courts."

1

Dkt. No. 46.  In that motion, plaintiff alleges that "Agents of BOP [Bureau of Prisons] have reduced Brown's Indigent Postage in his numerous cases to 5 stamps per week, blocking access to this court in a timely manner . . . ."  Plaintiff's additional motion also complains that prison officials in Florida have denied him access to the law library, copies, and postage.  Dkt. No. 48.  Both motions seek an injunction against these officials and request a hearing to address how his access to the courts has been blocked.

As defendants correctly point out in their responses, plaintiff's allegations "are not directed toward any named defendant in this case."  Dkt. No. 49, at 2; Dkt. No. 50, at 2.  Thus, the court lacks personal jurisdiction over these allegations and the individuals supposedly responsible for them.  Further, plaintiff is housed in a facility outside the District of Kansas.  Thus, his claims should be brought in the appropriate district court in Florida after he has exhausted his administrative remedies as required by the Prison Litigation Reform Act of 1995, 42 § U.S.C. 1997e.  *See Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006) (holding that a prisoner's exhaustion of administrative remedies is not left to the discretion of the district court, "but is mandatory").  Defendants have provided evidence in the form of an affidavit, which plaintiff has not refuted, establishing that plaintiff has failed to exhaust his administrative remedies regarding these issues.  Dkt. No. 50, Exh. A, ¶¶ 4, 5.  Thus, the court does not have jurisdiction to consider the complaints contained in plaintiff's motions.

IT IS ACCORDINGLY ORDERED this 15th day of August, 2007, that plaintiff's motions (Dkt. Nos. 46 and 48) are denied.

        s/ J. Thomas Marten
        J. THOMAS MARTEN, JUDGE