# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN BROWN,                                )
                                            )
            Plaintiff,              )
                                            )
vs.                                         )   Case No. 06-3003-JTM
                                            )
MICHAEL GRAY, *et al.*,                     )
                                            )
            Defendants.             )
_____  )

## MEMORANDUM AND ORDER

    Before the Court are the following motions:

1. Defendants' Motion to File Amended Answer. (Doc. 53) Plaintiff did not file a response to Defendants' motion and the time to do so has expired. *See* D. Kan. Rule 6.1(d)(1) (replies to responses to non-dispositive motions are to be filed within 14 days).

2. Plaintiff's Motion for Appointment of Counsel. (Doc. 55). Defendants did not respond to Plaintiff's motion, but a response would not have been appropriate.

3. Plaintiff's Motion for Discovery of Evidence and for Leave of Court to Correct Deficiencies. (Doc. 52) Defendants have responded and oppose this motion. (Doc. 57)

4. Plaintiff's Motion for Discovery of Evidence and for Leave of Court to Correct Deficiencies. (Doc. 54) Defendants have responded and oppose this motion. (Doc. 58)

## BACKGROUND

Plaintiff Brian Brown filed the present lawsuit alleging various Constitutional violations relating to his incarceration at the United States Penitentiary in Leavenworth, Kansas. (*See generally*, Doc. 1.) Plaintiff's claims are adequately summarized in Judge Sam A. Crow's order on Plaintiff's previous Application to Proceed *In Forma Pauperis* and Plaintiff's initial Motion for appointment of counsel. (*See* Doc. 13, 1-3.) That summary is incorporated herein by reference.

## DISCUSSION

**A.     Defendants' Motion to File Amended Answer.  (Doc. 53.)**

Defendants move to amend their Answer to correct the name of one Defendant from "Terrance Howard" to "Lawrence Howard." (Doc. 53, at 1.) According to defense counsel, the misidentification of Howard in the caption of Defendants' Answer was inadvertent and was "perpetuated . . . throughout the remainder of the answer." (*Id.*, at 2.)

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has declared that this is a "mandate" which "is to be heeded." **Foman v. Davis**, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). "In the absence of any apparent or declared

reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.*; *see also* **Frank v. U.S. West, Inc.**, 3 F.3d 1357, 1365 (10th Cir. 1993). Even so, the grant or denial of a motion for leave to amend is within the discretion of the Court. *Id.*

Plaintiff failed to file a response to Defendants' motion.[1] Thus, there has been no showing of undue delay or bad faith for Defendants' need to correct this inadvertent mistake. Further, "[i]f a respondent fails to file a response within the time required by Rule 7.1(b), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." **D.Kan. Rule 7.4**. Defendants' motion is unopposed, timely, and facially valid. The Court, therefore, **GRANTS** Defendants' Motion to File Amended Answer (Doc. 53).

---

[1] As noted later in this Memorandum and Order, Plaintiff has recently filed a Motion for Extension of Time (Doc. 62), where he asks for a 30 or 60 day extension of time to allow Plaintiff to comply with pleadings in this case. The time for Plaintiff to have filed a response to the present motion expired August 14, 2007. Moreover, Plaintiff should have no objection to Defendants' motion to amend since it corrects the name of one of the defendants – a topic specifically noted by Plaintiff in his Motion for Discovery. *See* Doc. 52 at 2, ¶ 4. Therefore, the court sees no reason to extend Plaintiff's time to respond to this particular motion and will go ahead and rule at this time.

### C.  Plaintiff's Motion for Appointment of Counsel.  (Doc. 55.)

Plaintiff previously moved the Court for appointment of counsel (Doc. 9) and that request was denied, without prejudice.  (Doc. 13.)  Plaintiff now applies again for appointment of counsel.  (Doc. 55.)  Pursuant to the *in forma pauperis* statute, "[t]he court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (as amended in 1996).  Under this statute, the decision to appoint counsel is within the sound discretion of the Court.  ***Rucks v. Boergermann***, 57 F.3d 978, 979 (10th Cir. 1995); ***Miller v. Glanz***, 948 F.2d 1562, 1572 (10th Cir. 1991); ***Lile v. Simmons***, 143 F. Supp. 2d 1267, 1277 (D. Kan. 2001).

Prisoners who allege civil rights claims do not have a constitutional right to counsel.  ***Hoffman v. Martinez***, No. 03-2000, 2004 WL 226287, at *5 (10th Cir. Feb. 6, 2004) (citing ***Bethea v. Crouse***, 417 F.2d 504, 505 (10th Cir. 1969)).  In determining whether to appoint counsel, the court should consider the merits of a litigant's claim, the nature of the factual issues raised in the claim, the litigant's ability to present his claims, and the complexity of the issues raised by the claims.  ***Rucks***, 57 F.3d at 979.  The fact that counsel could assist Plaintiff in presenting "his strongest possible case," is not a proper basis for granting such a motion.  *See id.*

The facts and issues involve Plaintiff's treatment, and alleged violations of his right to be free from cruel and unusual punishment, while he was incarcerated at the United States Penitentiary in Leavenworth, Kansas.  (*See generally*, Doc. 1.)  Such cases are not particularly complex.  *See* **Abu-Fakher v. Bode**, No. 05-3132, 2006 WL 650671, at *5 (10th Cir. March 16, 2006) (affirming district court's denial of motion to appoint counsel in prisoner's case involving claims of cruel and unusual punishment); *Avery v. Anderson*, No. 03-4213, 2004 WL 723243, at *4 (10th Cir. April 5, 2004) (affirming district court finding that excessive force claim by a prisoner was not complex); **Herman v. Correctional Medical Servs., Inc.**, No. 02-8089, 2003 WL 21235499, at *3 (10th Cir. May 29, 2003) (affirming district court's decision to not appoint counsel for indigent prisoner alleging claims of cruel and unusual punishment).  Plaintiff has made no showing that his case is unique or unusually complicated.

Also, Plaintiff has failed to show the court any special circumstances that prevent him from presenting his claims such as a physical or mental impediment.  Plaintiff has filed numerous motions in this case, as well as a detailed Complaint.  This proves that Plaintiff is able to adequately communicate with the Court.[2]  *See*

---

[2] Further, Defendants have alleged, and Plaintiff has not refuted, that Plaintiff has "initiated many administrative claims while incarcerated, and . . . has commenced several cases in federal district" court.  (Doc. 57, at 2.)  To the Court, this is additional evidence

*Rucks*, 57 F.3d at 979 (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985)); *Herman*, 2003 WL 21235499, at *3.  Further, Plaintiff has not presented the Court with any compelling evidence that would warrant disagreement with Judge Crow's prior denial of appointment of counsel.[3] Considering all of the relevant factors, the Court **DENIES** Plaintiff's Application for Appointment of Counsel, without prejudice to renewal in the future should Plaintiff provide the Court with sufficient evidence of a compelling need for a court-appointed attorney.

**D.      Plaintiff's Motion for Extension of Time .  (Doc. 62.)**

Plaintiff has recently filed a Motion for Extension of Time (Doc. 62), where he asks for a 30 or 60 day extension of time to allow Plaintiff to comply with pleadings in this case.  In reviewing the case, the court can identify only one deadline which requires action by Plaintiff.  By Order of July 3, 2007 (Doc. 45), the court granted Plaintiff an extension of time to September 4, 2007, to file a response to Defendants' Motion to Dismiss Plaintiff's Official Capacity Claims

---

of Plaintiff's ability to adequately represent himself.

[3] While Plaintiff states that he wants counsel to aid in deposition requests, as noted later in this Memorandum and Order, the particular discovery which will be allowed in this case and the schedule for completing that discovery will subsequently be set by the Court.  At this time, there is no need for any assistance in connection with deposition requests.

(Doc. 41). Defendants were then given to September 27, 2007 to file any reply. *Id.* While Defendants' time to respond to this request for an extension has not expired, the Court has reviewed the motion and grants Plaintiff a sixty day extension of time, or until **November 19, 2007**, to file his response to this motion. Defendants are then given to **December 17, 2007** to file any reply.

### E.   Plaintiff's Motions for Discovery of Evidence and for Leave of Court to Correct Deficiencies.  (Doc No's 52, 54.)

Finally, the issues raised by Defendants' Motion to Dismiss Official Capacity Claims appear to be purely legal in nature and do not require any discovery by Plaintiff in order to respond.  The court is considering an appropriate discovery schedule to apply in this case but will defer the entry of any such scheduling order until after December 15, 2007, in order to allow Plaintiff time to resolve the issues set out in his recent motion for extension of time.  Therefore, the court will **DENY** both of Plaintiff's Motions for Discovery of Evidence and for Leave of Court to Correct Deficiencies  (Doc No's 52, 54), and will consider the substance of these motions as the court sets the discovery schedule in this case.

**IT IS THEREFORE ORDERED** that Defendants' Motion to File Amended Answer (Doc. 53) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of

Counsel (Doc. 55) is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 62) is **GRANTED** as set forth in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Discovery of Evidence and for Leave of Court to Correct Deficiencies (Doc No's 52, 54) are **DENIED**.

Dated at Wichita, Kansas, on this 20th day of September, 2007.

    s/  DONALD W. BOSTWICK
Donald W. Bostwick
United States Magistrate Judge

8