IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN L. BROWN,                )
                               )
        Plaintiff,             )
                               )
vs.                            )   Case No. 06-3003-JTM-DWB
                               )
MICHAEL GRAY, *et al.*,        )
                               )
        Defendants.            )
_____)

### ORDER

Plaintiff Brian L. Brown has filed his "Request for Leave, and Appearance, for Discovery by Disclosure of Employees to Aid in the Request for leave to Amend Complaint" and supporting memorandum. (Docs. 65, 66.) Defendants have responded (Doc. 68) and Plaintiff has replied (Doc. 69). Having reviewed the parties' submissions, the Court is prepared to rule on Plaintiff's motion.

### BACKGROUND

Plaintiff Brian Brown filed the present lawsuit on January 3, 2006, alleging various Constitutional violations relating to his incarceration at the United States Penitentiary in Leavenworth, Kansas. (*See generally*, Doc. 1.) Plaintiff's claims are adequately summarized in Judge Sam A. Crow's order on Plaintiff's previous

Application to Proceed *In Forma Pauperis* and Plaintiff's initial Motion for appointment of counsel. (*See* Doc. 13, 1-3.) That summary is incorporated herein by reference. Defendants filed their Answer on June 11, 2007, generally denying Plaintiff's allegations. (Doc. 40.) That same day, Defendants also filed their Motion to Dismiss Plaintiff's Official Capacity Claims (Doc. 41), which the District Court granted on January 17, 2008. (Doc. 70.)

## DISCUSSION

I. **PENDING MOTIONS**

   A. *Motion to Compel and Motion for Discovery*.

The first issue raised in Plaintiff's motion is a request for an Order to compel discovery because, according to Plaintiff, defense counsel "has refused and continues to fail to make a disclosure required by rule 26(a) of the Federal Rule of Civil Procedures [sic]" relating to disclosure of "the proper names of government employees necessary for suit." (Doc. 66, at 2-3.) Plaintiff contends that he has made a good faith effort to confer, as required by D. Kan. Rule 37.2, although defense counsel disputes this.

Regardless, pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv), *pro se* actions brought by individuals in the custody of the United States, a state, or a state subdivision are a category of proceedings "exempt from initial disclosure."

Therefore, Defendants were not required to file initial disclosures. Further, the Court has not entered a Scheduling Order in this case. *See e.g.,* Doc. 63 at 7. Thus, even if Defendants were required to serve initial disclosures, the time to do so has not yet arrived. Plaintiff's motion to compel is, therefore, **DENIED**.

Plaintiff has also moved the Court for discovery relating to the identity of certain government employees. (Doc. 66, at 5-9.) The Court is entering, as part of this Memorandum and Order, an Initial Scheduling Order in this case. Plaintiff's requests for discovery will be addressed in that Initial Scheduling Order.

### B.     *Request for Writ of Habeas Corpus Ad Testificandum*.

In the matter before the Court, Plaintiff "moves the Court to issue a grant for *Ad Testificandum*, allow motion to transport Plaintiff from USP-Allenwood, to U.S. Marshals, to FCI Leavenworth with necessary legal documents." (Doc. 66, at 4.) According to Plaintiff, this "would aid in judicial control, and in discoverys [sic], such as Interrogatories, Production of Documents, as well as inspection, Depositions, and so on also aiding in any judicial 'costs.'" (*Id.*, at 5.)

A writ of *habeas corpus ad testificandum* translates literally to "you have the body to testify." Black's Law Dictionary 710 (6th ed. 1990). Such a writ is issued in order "to bring up a prisoner detained in a jail or prison to give evidence before the court." *Id.* The procedure is typically used to transport a prisoner to the *trial*

of his or her civil action, "particularly if, as will ordinarily be true, his own testimony is potentially critical." *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 112 (4th Cir. 1988). Even when the prisoner's appearance and testimony is found to be "potentially critical," a court also must recognize "that there are countervailing considerations of expense, security, logistics, and docket control that prevent according prisoners any absolute right to be present." *Id*.

Suffice it to say, Plaintiff has not established that his testimony before the Court will be "potentially critical" at the current discovery stage of these proceedings. Further, the Court finds no compelling reason why Plaintiff's transfer to Leavenworth would aid in discovery and/or "judicial control" of this matter, particularly in light of the costs and logistical issues involved. As such, Plaintiff's motion is **DENIED**.

### C. *Plaintiff's Motion for Time to File Amended Complaint*.

Subject to the Court granting him "permission for discovery," Plaintiff also moves the Court for "leave for time to file Amended Complaint." (Doc. 66, at 9.) Plaintiff anticipates that additional Defendants will be identified through discovery. The Court finds Plaintiff's motion to be premature. The Court's Initial Scheduling Order will include a deadline by which time Plaintiff may amend his Complaint.

## II.    INITIAL SCHEDULING ORDER

After considering Plaintiff's request for discovery about the identity of certain officers and Defendant's request for a "staggered" discovery schedule, the Court enters the following Initial Scheduling Order in this case.

A.    Plaintiff has identified three requests for information about potential defendants (Doc. 66, page 8):

> (1)    Names of officers assigned to the Special Housing Unit (Not Building 63), on all shifts (day-afternoon), on August 3, 4 & 5, 2004, including Special Range, or Range A, and Supervisor at SHU;
>
> (2)    Names of officers assigned to Building 63-Administrative Detention Building, day and afternoon shifts, on August 10, 2004; and
>
> (3)    Names of officers involved in Special Response Operations Teams, both teams, on August 3, 2004, and all staff involved including all Executive, Medical Staff, who approved Team.

While Plaintiff should have made these requests as interrogatories pursuant to Fed. R. Civ. P. 33, and served them on Defendants in this case, the Court will excuse, this time, Plaintiff's failure to follow proper procedures.  Accordingly, the Court

5

deems these three requests to be interrogatories to all Defendants, and Defendants shall answer and/or file appropriate objections to these interrogatories on or before **August 1, 2008.**

  B. Not later than **July 2, 2008**, Defendants will prepare and serve on Plaintiff a single set of interrogatories directed "to determine the nature of Plaintiff's claims" and "the identities of the persons against whom he asserts claims" in this case.  *See* Doc. 58 at 2 (Defendant's identification of the limited written discovery it was requesting).   Plaintiff shall answer and/or file appropriate objections to these interrogatories on or before **August 18, 2008.**

  C. Any party seeking to file a motion to compel concerning answers and/or objections to the above interrogatories shall file such motion on or before **September 12, 2008.**  Because Plaintiff is incarcerated, and therefore it is difficult to conduct any meet and confer session as normally required by D. Kan. Rule 37.2, the parties are excused from conducting such a session as to these interrogatories and potential motions to compel.  Responses and replies to any motion to compel shall be filed within the time provided by D. Kan. Rule 6.1(d)(1) (14 days after service).

  D. If no motions to compel are filed by the above date, then any motion to amend the pleadings and or to join additional parties shall be filed on or before

**September 30, 2008.**  If any motion to compel is filed, the Court will subsequently set a date for any motion to amend after it has ruled on the motion(s) to compel.

E.   No discovery other than that set out in this Initial Scheduling Order shall be served or conducted without prior leave of court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **DENIED** to the extent he seeks to compel initial disclosures and seeks a writ of *habeas corpus ad testificandum.*

**IT IS FURTHER ORDERED** that Plaintiff's Motion is **GRANTED IN PART and DENIED IN PART** by the Court's Initial Scheduling Order as to Plaintiff's request for discovery and for an extension of time to file an amended complaint.

Dated at Wichita, Kansas, on this 18th day of June, 2008.

                      s/ DONALD W. BOSTWICK
                      DONALD W. BOSTWICK
                      United States Magistrate Judge