## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BRIAN L. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-3003-JTM-DWB |
| | ) | |
| MICHAEL GRAY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Before the Court are the following motions which are fully briefed:

1.  Defendants' "Motion for Entry of a Protective Order Striking Plaintiff's June 25, 2008 Discovery Requests and Preventing Plaintiff from Serving Further Premature Discovery Requests that are Contrary to the Court's June 18, 2008 Initial Scheduling Order (Doc. 79), with Plaintiff Brian L. Brown's request for additional time to respond (Doc. 83), and Defendants' reply (Doc. 85);

2.  Plaintiff's Motion seeking an extension of time or stay of proceedings because of his transfer to another detention facility (Doc. 81), with Defendants' response (Doc. 82);

3.  Plaintiff's "Notice of Change of Address and Motion for Leave of Court for Extension of Time to Traverse Any Orders or Ant [sic] Motion Filed by Any Party While in Transit" (Doc. 88), with Defendants' Response (Doc. 89); and

4.  Plaintiff's Motion "Requesting for Resetting of Deadlines of this Court and Court Ordered Reissuance of Defendant's Interrogatories" (Doc. 90), with Defendants' Response (Doc. 91) and Plaintiff's Reply (Doc. 92).

Having reviewed the parties' submissions, the Court is prepared to rule on these pending motions.

## **<u>BACKGROUND</u>**

The background of this case was summarized in the Court's June 18, 2008, Order (Doc. 75) and is incorporated herein by reference.  In that Order, the Court denied Plaintiff's motion to compel Defendants to provide initial disclosures because this *pro se* action is exempt from initial disclosure pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv).

The June 18 Order also addressed Plaintiff's request for discovery and leave to file an amended Complaint (Doc. 66, at 5-9) by establishing the Court's Initial Scheduling Order which was a part of the June 18 Order.  (Doc. 75, at 5-7.)  The Scheduling Order allowed each party to serve narrowly defined discovery requests and unequivocally stated that "[n]o discovery other than that set out in this Initial Scheduling Order shall be served or conducted without prior leave of court."  (*Id*., at 7.)

**A.    Defendants' Motion for Protective Order (Doc. 79)**.

Pursuant to Fed.R.Civ.P. 26(c)(1), a party from whom discovery is sought may seek a protective order to "protect" that party from "annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Upon a showing of

"good cause," a court may, among other remedies, forbid the requested discovery. *Id.*

Defendants filed their motion in response to Plaintiff's discovery requests dated June 25, 2008, which were served *after* the Court's prior Order limiting the parties' use of discovery. (*See* Doc. 79, at 1-2.) In light of the Court's requirement that the parties receive prior approval before serving any discovery other than that specifically allowed in the June 18 Order, Defendants have established good cause that the discovery at issue should not be allowed.

The Court acknowledges that Plaintiff has requested additional time to respond to Defendants' motion. (Doc. 83, at 2.) The Court must, however, agree with Defendants' contention that "no amount of time will enable Plaintiff to demonstrate that his actions were not in direct contravention of the Order of this Court." (Doc. 85, at 2.) The Court's prior Order stated in no uncertain terms that additional discovery could be had only with leave of the Court. (Doc. 75, at 7.) Plaintiff did not request, nor did he receive, leave from the Court to file this additional discovery. Additional time and/or access to a law library will not allow Plaintiff to establish that the discovery at issue was proper in light of this Court's prior ruling. Plaintiff's request for an extension is, therefore, futile and Defendants' motion for a protective order (Doc. 79) is **GRANTED**.

**B.**      **Plaintiff's Motion for Extension or Stay (Doc. 81)**.

Prior to filing a response to Defendants' Motion for Protective Order, Plaintiff filed a motion seeking "any extension of time, or stay of proceedings" until he provided notice to the Court.  Plaintiff indicated the requested extension was necessary because was being transferred to another facility[1] and, as such, did not have access to his "paperwork" and "documents for this Court."  (Doc. 81.) Defendants do not oppose Plaintiff's request "as long as the Court *also* makes clear that it would also stay or continue the Defendants' obligation to respond to the discovery requests from Plaintiff which were authorized by this Court's June 18, 2008 Order (Doc. 75) for the same period of time it grants to Plaintiff to respond to Defendants' First Set of Interrogatories."  (Doc. 82, at 1.)

The Federal Rules of Civil Procedure do not, *per se*, provide for a stay of proceedings.  As stated above, however, a court may "make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."  Fed.R.Civ.P. 26(c).  The Court will, therefore, **GRANT IN PART** Plaintiff's motion only to the extent he seeks an extension of

---

[1]  Plaintiff has filed three notices of change of address, having been transferred to the Metropolitan Detention Center in Brooklyn, New York, on July 21, 2008 (Doc. 80), then to the Oklahoma Transfer Center in Oklahoma City, Oklahoma, on August 25, 2008 (Doc. 86), and most recently to the United States Penitentiary in Tucson, Arizona, on September 15, 2008 (Doc. 87).

time to respond to the discovery requests served on him by Defendant. The Court, however, **DENIES IN PART** Plaintiff's motion to the extent he seeks a complete stay of the case in general.  Plaintiff has shown no reason why this would be necessary.

C.      **Plaintiff's "Notice of Change of Address and Motion for Leave of Court for Extension of Time to Traverse Any Orders or Ant [sic] Motion Filed by Any Party While in Transit" (Doc. 88)**

Plaintiff next notifies the Court of his change of address (Doc. 88), which as been acknowledged, *supra*.  (*See* n. 1.)  He also requests an extension of time to respond to any matters pending before the Court.  (Doc. 88.)   At the time Plaintiff filed this motion, a review of the docket for this case indicates that the only motions pending before the Court were those listed in the first page of this Order. Three of those motions were filed by Plaintiff and one was filed by Defendant.  As discussed in section A, *supra*, Plaintiff has already requested additional time to respond to Defendant's lone pending motion (Doc. 79), but this request was denied as futile.  Because there were no other matters then pending before the Court requiring a response from Plaintiff, this Motion is **DENIED**.[2]

D.      **Plaintiff's "Requesting for Resetting of Deadlines of this Court and Court Ordered Reissuance of Defendant's Interrogatories"**

---

[2]  The Court notes that Plaintiff's most recent notice of transfer is dated September 15, 2008.  (Doc. 87.)  As such, Plaintiff's transfer shall not justify an additional requested extension of time unless subsequent transfers occur.

**(Doc. 90).**

In his final motion, Plaintiff seeks "re issuance [sic] and re setting [sic] of time, in which to respond to the Courts ordered interrogatories . . ." (Doc. 90, at 4.) Plaintiff contends that this additional time is warranted because his property, including "'some' of the interrogatories" and other documents, were damaged or destroyed upon his transfer to the United States Penitentiary in Tucson.[3] (*Id*., at 2-3.) Defendants' response discusses their reasonable confusion as to what, exactly, Plaintiff was requesting in this motion. (Doc. 91, at 2.) In his reply, Plaintiff clarifies that his merely seeking an additional copy of the interrogatories because they were destroyed as well as the appropriate amount of time in which to respond to them. (Doc. 92, at 5.)

In their response, Defendants stated that "[i]f Brown needs another copy of Defendants' First Set of Interrogatories to Plaintiff or a copy of Defendant's responses to interrogatories authorized by the Court, defense counsel will send Brown another copy of each or both if ordered to do so by the Court." (Doc. 91, at 2.) The Court also notes that Defendant has recently filed a certificate of service (Doc. 101) stating that Defendant has mailed the following documents to Plaintiff:

---

[3] Plaintiff also complains that his access to the facility's law library is limited to one day per week. (Doc. 90, at 2.) The Court agrees with Defendants, however, that Plaintiff has failed to establish why he needs access to a law library in order to respond to factual discovery requests. (Doc. 91, at 2.)

- 2 copies of Defendant's First Interrogatories to Plaintiff Brian Brown

- 2 copies of Defendant's Response to Court Directed Discovery

- 1 copy of Fed. R. Civ. P. 33

- 1 copy of this Court's Order of June 18, 2008.

This should resolve Plaintiff's complaints that he does not have copies of the relevant documents. The Court will set a new deadline for Plaintiff to respond to Defendant's Interrogatories as part of this Order. Therefore Plaintiff's motion (Doc. 90) is **GRANTED IN PART and DENIED IN PART**.

### E.    Recently Filed Motions That Are Not Fully Briefed.

The parties have recently filed three additional motions:

1.    Defendant's Motion for Reconsideration of Judge Marten's Prior Order Granting Plaintiff Additional Time (Doc. 95);

2.    Plaintiff's Motion for Court Order for the Reproduction of Transcripts (Doc. 96); and

3.    Plaintiff's Motion for Court Order to Return Documents for this Court (Doc. 97).

While these motions are not fully briefed, it appears to the Court that they cover the same general matters that have been discussed above in connection with the ripe motions.

As to Plaintiff's first motion (Doc. 96), Plaintiff recites that as a prisoner he has been unable to obtain photocopies of necessary documents that he wants to

submit to the Court and he seeks until February 22, 2009 within which time to

obtain the necessary copies.   Plaintiff refers to documents that are to be submitted

"to respond to the Court's request" (Doc. 96 at ¶ 8) and early in the motion

specifically mentions that he wants to the Court to order Defendants " to

'reproduce', the Interrogatories, intended for this Court, and request the Court to

're-set', deadlines to respond."  (Doc. 96 at 1.)[4]  As previously noted, Defendant

has now sent Plaintiff copies of all the relevant documents so it appears that this

portion of the motion is MOOT.  Also, the Court has previously indicated that it

will set a new deadline for Plaintiff to respond to Defendant's Interrogatories as

part of the present Order.  Therefore, it would appear that all issues raised in this

motion (Doc. 96) are **MOOT** and the Court so holds.  Defendant will not be

required to respond to this motion.

As to Plaintiff's second motion (Doc. 97), Plaintiff recites difficulties he has

had in prison with use of a word processor to prepare pleadings in this case.  While

he asks the Court to enter an Order directing "the defendants" "to 'Stop' access to

Brown to present his claims to [this] court," and "to immediately, release the

---

[4] At the end of the motion, Plaintiff requests an extension to February 22, 2009 "in
which to tender photo copies for motion that is intended for this Court." (Doc. 96 at 3)
(emphasis added).  From a review of the entire motion, the court believes that this is a
misnomer and the documents and extension of time all relate to Plaintiff's response to
Defendant's interrogatories which were authorized by the Court in its June 18 Order.

documents needed for this Court, contained in the processor, that Brown had contracted to use . . . ."  (Doc. 97 at ¶¶ 16-17.)  Plaintiff further wants the Court to "Order, the Defendant, to allow Brown to address administrative remedies" and "to award, Brown sanction against the defendant, if he can prove, [any nexus], between the defendant, and the issue . . . ."  (Doc. 97 at ¶¶ 18-19.)  Finally, as a prayer for relief, Plaintiff seeks "a special hearing" in order "to address the issue of inability, of Brown to access this Court . . . .  (Doc. 97 at 5.)

Brown's complaints are all directed at his conditions of incarceration by the Bureau of Prisons.  There are administrative procedures within the prison system to address the types of complaints being lodged by Brown in this motion and this Court has no control or direction over those procedures.  The Bureau of Prisons is not a party to this case.  To the extent that Plaintiff has complaints about use of word processors or possession of documents, these complaints must be addressed within the administrative procedures of the prison where he is incarcerated.  This case has limited claims relating to conduct that allegedly occurred while Plaintiff was incarcerated in Leavenworth, Kansas, and the Court can not, and will not, allow Plaintiff to attempt to raise wholly unrelated complaints and issues in this action.[5]

---

[5] Plaintiff has recently begun filing notices to the Court concerning his contacts with Defendant's counsel in this case and attaching copies of his letters to those notices.

The individual defendants in this case, who Brown accuse of blocking his access to the Court, are employees or officials of the Bureau of Prisons who are (or were) located at the prison in Leavenworth, Kansas.  Plaintiff cites no evidence to support his theory that the defendants in this case are somehow acting to block his use of the facilities in Tucson, Arizona.  Plaintiff's motion fails to state sufficient grounds for this Court to conduct the requested hearing, and Plaintiff's motion (Doc. 97) is hereby **DENIED**.  Defendants need not respond to Plaintiff's motion.

Finally, Defendants' motion for reconsideration (Doc. 95) deals with the same issues as discussed in this Order and in the prior motions -- whether Plaintiff should be provided additional copies of prior documents and should be granted additional time to respond to Defendant's Interrogatories.  Those issues have been ruled on in the present Order.  While the undersigned magistrate judge cannot rule on this motion for reconsideration of an order entered by the District Judge, it appears to the Court that with the entry of the present Order, Defendants' motion for reconsideration is effectively moot.

**F.    ORDERS OF THE COURT.**

1.    Defendants' Motion for Entry of a Protective Order Striking

---

In one recent notice, he states that he has been attacked while incarcerated in Tucson, and that he intends to file a complaint.  (Doc. 100-2).  Such communications have nothing to do with the issues in this case.

Plaintiff's June 25, 2008 Discovery Requests and Preventing Plaintiff from Serving

Further Premature Discovery Requests that are Contrary to the Court's June 18,

2008 Initial Scheduling Order (Doc. 79) is **GRANTED**.

      2.    Plaintiff's motion for an extension or stay (Doc. 81) is **GRANTED**

**IN PART** and **DENIED IN PART** as set forth more above.  <u>Plaintiff is hereby</u>

<u>granted until **February 27, 2009** to serve full and complete responses to</u>

<u>Defendants' First Interrogatories.</u>

      3.    Plaintiff's motion for an extension of time (Doc. 88) is **DENIED**

except that he has been granted until February 27, 2009 to serve full and complete

responses to Defendants' First Interrogatories as stated in paragraph 2 above.

      4.    Plaintiff's motion "Requesting for Resetting of Deadlines of this

Court and Court Ordered Reissuance of Defendant's Interrogatories" (Doc. 90) is

**GRANTED** only insofar as Plaintiff has been granted until February 27, 2009 to

serve full and complete responses to Defendants' First Interrogatories as stated in

paragraph 2 above.

      5.    Plaintiff's Motion for Court Order for the Reproduction of Transcripts

(Doc. 96) in denied as **MOOT.**  Defendants need not respond to Plaintiff's motion.

      6.    Plaintiff's Motion for Court Order to Return Documents for this Court

11

(Doc. 97) is **DENIED** and the request for a hearing on the motion is also

**DENIED**.  Defendants need not respond to Plaintiff's motion.

      7.    While the Court believes that Defendant's Motion for Reconsideration

of Judge Marten's Prior Order granting Plaintiff additional time (Doc. 95) is

effectively mooted as a result of the Orders contained herein, <u>Plaintiff is hereby</u>

<u>given until February 27, 2009 within which time to file any response to that</u>

<u>motion.  A reply by Defendants, if any, shall be filed within the time provided in</u>

<u>D. Kan. Rule 6.1(d)(1).</u>

      8.    Because all of the discovery responses in this case were not provided

within the time required by the Court's June 18, 2008 Order (Doc. 75), the

Scheduling Order set out in that Order is hereby modified in part as follows:

      A.    Any party seeking to file a motion to compel concerning

answers and/or objections to the interrogatories served pursuant to the

June 18, 2009 Order shall file such motion on or before **April 3, 2009.**

Because Plaintiff is incarcerated, and therefore it is difficult to

conduct any meet and confer session as normally required by D. Kan.

Rule 37.2, the parties are excused from conducting such a session as

to these interrogatories and potential motions to compel.  Responses

and replies to any motion to compel shall be filed within the time

provided by D. Kan. Rule 6.1(d)(1) (14 days after service).

B.      If no motions to compel are filed by the above date, then any motion to amend the pleadings and or to join additional parties shall be filed on or before **April 17, 2009.**  If any motion to compel is filed, the Court will subsequently set a date for any motion to amend after it has ruled on the motion(s) to compel.

C.      All remaining parts of the June 19, 2009 Order (Doc. 75) not specifically modified by this Order, remain in full force.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 28TH day of January, 2009.

    s/  DONALD W. BOSTWICK    
DONALD W. BOSTWICK
United States Magistrate Judge