# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN L. BROWN, )
)
       Plaintiff, )
)
vs. ) Case No. 06-3003-JTM-DWB
)
MICHAEL GRAY, *et al.*, )
)
       Defendants. )
)

## **ORDER**

The following motions are before the Court:

1. Defendants' "Motion for Extension of Time to File a Motion to Compel Regarding Plaintiff's Responses to Defendants' First Set of Interrogatories" (Doc. 108);[1]

2. Defendants' "Motion to Strike Plaintiff's Unauthorized Amended Complaint" (Doc. 110), Plaintiff's "Motion to Deny Defendants Request to Strike Plaintiffs Third Amended Complaint" (Doc. 117),[2] and Defendant's Reply (Doc. 121);

3. Defendants' "Motion to Compel Plaintiff to Answer Defendants' First Interrogatories to Brian Brown" (Doc. 112), Defendant's "Motion to Grant Defendants' Motion to Compel as Uncontested" (Doc. 122), Plaintiff's "Motion for Extension

---

[1] Plaintiff has not responded to this motion and the time to do so has expired. D.Kan. Rule 6.1(d)(1).

[2] On April 29, 2009, the Clerk's office made a correcting entry determining that Doc. 117 was not, in fact, a motion, but was simply a response to Defendants' Motion to Strike Unauthorized Complaint (Doc. 110).

    of Time to Respond to the Defendants Motion to Compel [sic]" (Doc. 123), and Defendants' "Objection to Plaintiff's 'Motion for Extension of Time'" (Doc. 127);

4.  Plaintiff's "Motion for Extension of Time for Denial of Time to Object to the Magistrates Report and Recommendation When Access to this Court is Being Blocked" (Doc. 113), and Defendants' Response in Opposition (Doc. 114);

5.  Plaintiff's "Motion for Leave of Court to Amend the In Forma Pauperis Consent to Withdraw Funds" (Doc. 118), and Defendants' Response in Opposition (Doc. 120);

6.  Defendants' "Motion for Rule 11 Sanctions Against Brian Brown" (Doc. 124).[3]

Having reviewed the parties' submissions, the Court is prepared to rule on these pending motions.

## BACKGROUND

The background of this case was summarized in the Court's Orders of June 18, 2008 (Doc. 75), and January 28, 2009 (Doc. 102), which are incorporated herein by reference.

**A.**  **Defendants' Motion for Extension (Doc. 108).**

Defendants filed this motion requesting an additional two weeks in which to file a motion to compel Plaintiff's complete responses to Defendants' First

---

[3] Plaintiff has not responded to this motion and the time to do so has expired. D.Kan. Rule 6.1(d)(1).

Interrogatories. Defendants point out that Plaintiff was given additional time to respond to the interrogatories, which were originally served on June 30, 2008. (*See* Doc. 108, at 1-2.) Defendants contend that "Plaintiff's belated response to Defendants' First Interrogatories consumed a portion of the time counsel for the Defendants could have used to prepare a motion to compel." (*Id.*, at 2.) Defendants cite "the press of other matters and the complexity of the task of filing a thorough motion to compel" as necessitating additional time. (*Id.*)

As stated previously, Plaintiff has not filed a response to Defendants' motion and the time to do so has expired. "If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." D.Kan. Rule 7.4. Defendants' motion is unopposed, timely, and facially valid. The Court, therefore, **GRANTS** Defendants' Motion for Extension of Time to File a Motion to Compel Regarding Plaintiff's Responses to Defendants' First Set of Interrogatories (Doc. 108).[4]

**B.    Plaintiff's Motion to Strike (Doc. 110).**

Defendants file this motion (Doc. 110) arguing that Plaintiff improperly filed

---

[4] Defendants filed their motion to compel within the period of their requested extension. *See* Doc. 112.

his Amended Complaint (Doc. 109). Plaintiff responds that Defendants "have improperly claimed that [he] is not following the very orders of this Court" and that defense counsel is intentionally "blocking" his access to the Court. (Doc. 117, sealed, at 4.) Defendants replied, arguing that Plaintiff's allegations are "unfounded" and denying that they have interfered with Plaintiff's access to the Courts. (Doc. 121, at 4-5.)

Contrary to Plaintiff's allegations, Doc. 117 (Sealed) at 2, ¶ 4, he was not ordered to filed an amended pleading by April 17, 2009. The court's prior order of January 28, 2009, merely set dates for filing <u>motions to amend</u>. (Doc. 102 at 12-13.) Plaintiff never filed a <u>motion to amend</u> in compliance with the court's rules, D. Kan. Rule 15.1 -- instead he simply filed an amended complaint. *See* Doc. 109. Pursuant to Fed. R. Civ. P. 15(a)(2),

> a party may amend its pleading only with the opposing
> party's written consent <u>or the court's leave</u>. The court
> should freely give leave when justice so requires.
> (emphasis added).

Plaintiff never filed a motion to amend seeking to obtain leave of the court and therefore his filing of the amended complaint was not authorized. As such, the court would be wholly justified in granting Defendants' motion to strike that amended complaint. However, because Defendants have not alleged an legal prejudice from the filing of the amended complaint, and because the Court is

4

instructed to give leave freely when justice so requires, granting Defendants' motion to strike would be counter-productive and would only result in additional filings. This would not serve the interests of judicial economy.

Defendants argue in the alternative, however, that the Court "extend the time for all Defendants to answer until 60 days after the date the last newly added Defendant is appropriately served in accordance with the Fed. R. Civ. P. 4(i)(3)." (Doc. 110, at 2.) According to Defendants, this "would potentially allow *all* defendants to file . . . one joint answer and/or appropriate dispositive motions at the same time as the newly added defendants may request representation by the Department of Justice as was true for the original eleven defendants." (*Id.* (emphasis in original).) This, in the Court's opinion, is a more appropriate solution.

The Court will, therefore, **GRANT IN PART** Defendants' motion to the extent they have requested an extension of time for all Defendants to answer Plaintiff's Amended Complaint (Doc. 109) until 60 days after the date on which the last newly added Defendant is appropriately served pursuant to the Fed. R. Civ. P. 4(i)(3). The Court, however, **DENIES IN PART** Defendants' motion to the extent they seek to strike Plaintiff's Amended Complaint.

Given the Court's partial granting of Defendant's motion, Plaintiff's

"Motion to Deny Defendants [sic] Request to Strike Plaintiffs [sic] Third Amended Complaint (Doc. 117) is **DENIED AS MOOT**. [As previously noted, this document has been treated as a response to Defendants' motion to strike rather than an independent motion, however, to the extent it might be considered as an independent motion, it is being denied].

**C.     Defendants' Motion to Compel (Doc. 112, 122)**.

Defendants contend that Plaintiffs' supplemental discovery responses are deficient and move the Court for an Order compelling Plaintiff to "fully answer" their first set of interrogatories, specifically Interrogatories Nos. 1, and 4(a) - (l), and 5-27.  (Doc. 112.)  Defendants argue that Plaintiff's answers were "non-responsive, incomplete, and evasive..."  (*Id*., at 1.)

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence."  **Teichgraeber v. Memorial Union Corp. of Emporia State University**, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).

> When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Johnson v. Kraft Foods North America, Inc*., 238 F.R.D. 648, 653 (internal citation omitted).

The party opposing discovery is required to come forth with more than a mere conclusory statement that the discovery is irrelevant and must specifically demonstrate how the request is not reasonably calculated to lead to the discovery of admissible evidence. *Teichgraeber*, 932 F.Supp. at 1266 (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3rd Cir.1982)). "Courts should lean towards resolving doubt over relevance in favor of discovery." *Id*. (citing *Corrigan v. Methodist Hosp.*, 158 F.R.D. 54, 57 (E.D. Pa.1994)).

Plaintiff did not file a response to Defendants' motion to compel within the 14 days provided by local rule. D.Kan. R. 6.1(d)(1). Subsequently, Defendants filed their "Motion to Grant Defendants' Motion to Compel (Doc. 112) as Uncontested." (Doc. 122.) In that motion, Defendants rely on D.Kan. R. 7.4, which states that "[i]f a respondent fails to file a response within the time required . . . the motion will be considered and decided as an uncontested motion, and

ordinarily will be granted without further notice."

Thereafter – and approximately four weeks after his response to Defendant's motion to compel was due – Plaintiff filed a "Motion for Extension of Time to Respond to the Defendants' Motion to Compel." (Doc. 123.) Plaintiff contends that his response is "large in size and will require more than 5 stamps . . ." (*Id*., at 2.) He continues that he has been refused sufficient postage "to respond in a timely manner." (*Id*.) Defendants reply that Plaintiff has not provided an appropriate justification for the requested extension. (*See generally* Doc. 127.)

District Court of Kansas Local Rule 6.1 covers motions for extensions of time. The rule "provides that an extension of time will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect." **Howard v. TMW Enterprises, Inc**., 32 F.Supp.2d 1244, 1254 (D.Kan. 1998). The U.S. Supreme Court addressed the issue of "excusable neglect" in the decision of **Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership**, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The **Pioneer** Court noted that the common meaning of "neglect" is "'to give little attention or respect' to a matter, or . . . 'to leave undone or unattended to *esp[ecially] through carelessness*.'" **Id**. at 388, 113 S.Ct. at 1494-95 (emphasis in **Pioneer**) (quoting Webster's Ninth New Collegiate Dictionary 791 (1983)); ***see***

8

*also City of Chanute, Kansas v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (quoting *Pioneer*).  It is uncontested that Plaintiff failed to file his motion for extension before the deadline to do so has expired.  The issue before the Court, therefore, is whether such failure was excusable.

As stated previously, Plaintiff contends that because of his indigent status, he could not compile the necessary postage to file his "large" response in a timely manner.  (*See* Doc. 123.)  Defendants reply that "Plaintiff's indigent, *pro se* prisoner status, is insufficient, in and of itself, to excuse Plaintiff's lack of diligence."  (Doc. 127, at 3.)  Defendants continue that "Plaintiffs' request for thirty additional days to respond has already elapsed."  (*Id.*)  The Court agrees with Defendants on both points.  Further, while Plaintiff may have been unable to afford the extra postage necessary to submit his "large" discovery response in a timely manner, he would not have needed extra postage to file a concise and timely motion for an extension of time to respond to the discovery.

Plaintiff also contends that "insubordination" by prison staff, as well as no access to this Court's local rules, have been to blame for his failure to make timely filings.  (*Id.*)  He has not, however, provided any substantive evidence of such insubordination.  His conclusory allegations of insubordination and interference are insufficient to meet the burden necessary for his requested extension out of

9

time.

The Court, therefore, **GRANTS** Defendants' Motion to Compel (Doc. 112). Plaintiff is hereby ordered to answer Interrogatories Nos. 1 and 27, which he previously failed to answer.  He is further ordered to answer Interrogatory No. 4 in full, specifically the portion in which he is asked to identify the non-8th Amendment law or other legal right each Defendant/potentially new Defendant allegedly violated.  Finally, Plaintiff is ordered to provide specific, non-qualified, nonevasive answers to Defendants' Interrogatories Nos. 5-26, indicating whether the identified individuals violated his 8th Amendment rights and/or violated his legal rights in any other way.  In so doing, Plaintiff is instructed to provide dates and/or relevant time periods for the allegedly unlawful conduct and to describe the complained of actions or omissions of each individual in detail as requested in the interrogatories.  Plaintiff's full and complete answers to these interrogatories shall be served on or before **September14, 2009.**  Because these interrogatories have been outstanding for a considerable period of time, having been initially served on Plaintiff on June 30, 2008 (Doc. 108, ¶ 1), no further extension of time will be allowed.  Failure of Plaintiff to timely submit the required answers may result in sanctions, including but not limited to a recommendation that this case be dismissed.

Defendants' "Motion to Grant Defendants' Motion to Compel as Uncontested" is **DENIED as moot**.

**D.     Plaintiff's "Motion for Extension of Time for Denial of Time to Object to the Magistrates Report and Recommendation When Access to this Court is Being Blocked" (Doc. 113)**.

In this motion, Plaintiff moves the Court "to reconsider dismissal at least to the point of Objections, to the Magistrate's Report and Recommendations, as Brown is unable to file objections . . ." (Doc. 113, at 1.)  Plaintiff then commences to discuss the problems he allegedly has as an indigent prisoner paying for postage and manila envelopes.  (*Id*., at 2.)  Unfortunately for Plaintiff, he does not identify an actual Report and Recommendation issued by this or any other Magistrate for which Plaintiff requires an extension of time to object.

The most recent Orders entered by the undersigned Magistrate in this case were dated on June 18, 2008, and January 28, 2009.  (Docs. 75, 102.)  Neither of these Orders contain recommendations; rather, they consist only of orders granting or denying various motions.  (*Id*.)  Defendants are also baffled by Plaintiff's motion, noting that no "Magistrate Report and Recommendation" has been entered in this case.  (Doc. 114, at 1.)  As such, the Court is compelled to **DENY** Plaintiff's

motion. (Doc. 113.) [5]

E.     **Plaintiff's "Motion for Leave of Court to Amend the In Forma Pauperis Consent to Withdraw Funds" (Doc. 118)**.

Plaintiff next moves the Court for an Order "directing the Bureau of Prisons, to pay the Court, when Brown's Account is above $3.00, in oppose to the $10.00 amounts as follows." (Doc. 118, at 1.) According Plaintiff, "on the 9th date of April, the Bureau of Prisons became aware that raising Brown's account above $6.00, (dispite takeing [sic] all of his money), will remove Brown from the "Indigentcy" [sic] status." (*Id*., at 3.) Plaintiff continues that removing him from indigent status "will remove [him] from the Free Postage, and Free Medical, and Indigent Supplies, [he] was promised a memo signed by Executive Staff preventing such a move." (*Id*.) Plaintiff thus "volunteers to have the indigent limit placed at $3.00, and that anything above this amount be ordered by the Court to be collected, to satisfy this Courts [sic] debts, and all other obligations, in good faith." (*Id*., at 4.)

---

[5] Plaintiff has had several other cases in this district over the past few years and perhaps he has confused this case with orders or reports and recommendations made in other cases. *See e.g.*, **Brown v. Leavenworth County, Kansas**, Case No. 08-3175-SAC. Furthermore, this motion seeking an extension of time was filed in April, 2009, and Plaintiff represented that he need 30 days to save up enough stamps to file his objection to the report and recommendation. (Doc. 113 at 5.) Plaintiff, however, has never followed up and filed any alleged objections even though more than 90 days have now elapsed since he filed his motion.

Defendants respond by "emphatically" denying the Bureau of Prisons, Defendants, or defense counsel are "attempting to deny Plaintiff access to this or any other Court." (Doc. 120, at 1.) Rather, Defendants note that "Plaintiff, as a federal inmate, is not constitutionally or statutorily guaranteed an unlimited amount of postage stamps." (*Id.*, at 1-2.) Defendants continue that Plaintiff's allegations of denial of access to the Courts are undermined by the docket sheet in this case being "filled with pleadings filed by Plaintiff." (*Id.*, at 2.)

In an Order dated February 6, 2007, Senior District Judge Sam A. Crow determined that Plaintiff would be required to pay the full filing fee for his civil action. (Doc. 4.) Judge Crow determined that Plaintiff could pay the fee over time through his inmate account, as provided by 28 U.S.C. § 1915(b)(2). That section of the United States Code specifically states that "[t]he agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.* This Court sees no justification to alter the codified procedure that is applied to all other indigent prisoner plaintiffs who are required to pay a filing fee over time. As such, Plaintiff's motion (Doc. 118) is **DENIED**.

F.  **Defendants' "Motion for Rule 11 Sanctions Against Brian Brown" (Doc. 124).**

Finally, Defendants move the Court for Rule 11 sanctions against Plaintiff.

13

(Doc. 124.) Rule 11 provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Further,

> [b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

Fed. R. Civ. P. 11(b). If the Court determines that this rule has been violated, "the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c).

Defendants contend that "the arguments and purported statements of fact

asserted" in two of Plaintiff's pleadings (Docs. 118 and 119) "are not warranted by existing law by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law, nor do the factual contentions have evidentiary support." (Doc. 125, at 1.) In particular, Defendants argue that Plaintiff has no basis for contending that Defendants or defense counsel are interfering with his access to the Courts. (*Id.*, at 3-4.)

Defendants complied with the "safe harbor" notice provisions of Rule 11 by submitting a letter to Plaintiff demanding that he withdraw the allegedly false statements at issue within 21 days of the date of the letter. (Doc. 125-2.) Plaintiff failed to withdraw the pleadings and Defendants filed the present motion. Plaintiff did not respond to the motion and the time to do so has expired. D. Kan. Rule 6.1(d)(1). The Court will, however, examine Defendants' motion on its substantive merits.

"A litigant's *pro se* status may certainly be considered when determining whether to impose Rule 11 sanctions." **McCormick v. City of Lawrence, KS**, 218 F.R.D. 687, 690 (D.Kan. 2003) (citing Fed. R. Civ. P. 11 advisory committee's notes to the 1983 amendments ("[T]he court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations.")). Even so, the Court will apply an "objectively reasonable" standard to determine the

15

applicability of Rule 11 sanctions, regardless of the actor's status. *Id.*

The Court is currently unwilling to hold that Plaintiff's statements are objectively unreasonable given the nature of his claims in this lawsuit. Obviously, the factual allegations contained in Plaintiff's Complaint are, on their face, somewhat outrageous – as are the facts in many tort actions. That does not mean, however, that such allegations are untrue or "unreasonable." That stated, the Court is not opining regarding the veracity of Plaintiff's allegations. The Court will, therefore, take Defendants' motion for Rule 11 sanctions (Doc. 124) **under advisement** pending further proceedings in this case and a possible evidentiary hearing on the issues relating to this motion.

**IT IS THEREFORE ORDERED** that Defendants' "Motion for Extension of Time to File a Motion to Compel Regarding Plaintiff's Responses to Defendants' First Set of Interrogatories" (Doc. 108) is hereby **GRANTED**. Because Defendants have filed their Motion to Compel (Doc. 112), no extended deadline shall be set by the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Unauthorized Amended Complaint (Doc. 110) is **GRANTED IN PART** and **DENIED IN PART** as more fully set forth above. Plaintiff's "Motion to Deny Defendants Request to Strike Plaintiffs Third Amended Complaint" (Doc. 117) is

**DENIED AS MOOT**. [6]

**IT IS FURTHER ORDERED** that Defendants' "Motion to Compel Plaintiff to Answer Defendants' First Interrogatories to Brian Brown" (Doc. 112) is hereby **GRANTED**. Plaintiff's full and complete answers to these interrogatories shall be served on or before **September14, 2009**, and no further extension of time will be allowed. Failure of Plaintiff to timely submit the required answers may result in sanctions, including but not limited to a recommendation that this case be dismissed. Consequently, Defendant's "Motion to Grant Defendants' Motion to Compel as Uncontested" (Doc. 122) is **DENIED AS MOOT**. Plaintiff's "Motion for Extension of Time to Respond to the Defendants Motion to Compel [sic]" (Doc. 123) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Extension of Time for Denial of Time to Object to the Magistrates Report and Recommendation When Access to this Court is Being Blocked" (Doc. 113) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Leave of Court to Amend the In Forma Pauperis Consent to Withdraw Funds" (Doc. 118) is **DENIED**.

---

[6] *See supra* note 2, discussing how this pleading has been re-characterized as a response rather than an independent motion.

**IT IS FURTHER ORDERED** that Defendants' "Motion for Rule 11 Sanctions Against Brian Brown" (Doc. 124) is **TAKEN UNDER ADVISEMENT** pending further proceedings in this case and the possibility of an evidentiary hearing.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 4th day of August, 2009.

                                         S/ DONALD W. BOSTWICK
                                         DONALD W. BOSTWICK
                                         United States Magistrate Judge