# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BRIAN L. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-3003-JTM-DWB |
| | ) | |
| MICHAEL GRAY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND RECOMMENDING DENIAL OF MOTION FOR TEMPORARY RESTRAINING ORDER

The following motions are before the Court:

1.  Plaintiff's  Motion/Letter requesting appointment of counsel and a Temporary Restraining Order or, in the alternative, an extension of 90 days to see what interference will stop.  (Doc. 128); and Defendants' Response in Opposition to Plaintiff's Motion to Appoint Counsel, Motion for Extension of Time (Doc. 131);

2.  Plaintiff's Emergency Request for A Temporary Restraining Order form the Constitutional Violations of Defendant Simon Jones and for a 90 day extension of time to contact the Court (Doc. 129); and Defendants' Response.  (Doc. 130).

Having reviewed the parties' submissions, the Court is prepared to rule on these

pending motions.

## BACKGROUND

The background of this case was summarized in the Court's Orders of June

18, 2008 (Doc. 75), and January 28, 2009 (Doc. 102), which are incorporated

herein by reference.  Further rulings and background are contained the Court's

Order of August 4, filed simultaneously with this Order.  *See* Doc. 132.  Many of

Plaintiff's complaints in the above motions are regurgitations of prior complaints

by Plaintiff alleging that his current conditions of incarceration at the U.S.

Penitentiary in Tucson, Arizona are preventing him from properly responding to

orders of the court in this pending civil case.  Defendants adamantly deny each and

every allegation by Plaintiff.

## DISCUSSION

### 1.    Request for Appointment of Counsel.

In his initial filing (Doc. 128), Plaintiff makes a summary "request for

Counsel."  Plaintiff has previously requested appointment of counsel, which

request was denied without prejudice to renewal.  (Doc. 13 at 3.)  Plaintiff then

renewed his request for counsel, which was again denied.  (Doc. 63 at 4-6.)  In

denying the renewed request, the Court noted that the denial was "without

prejudice to renewal in the future should Plaintiff provide the Court with sufficient

evidence of a compelling need for a court-appointed attorney."  (Doc. 63 at 6.)  In

the current motion, Plaintiff does not present any new evidence that would show a

compelling need for appointment of counsel.  As previously noted, Plaintiff has

been able to file numerous pleadings in the present case and to prosecute similar

claims in other cases, both at the district court and on appeal, without appointed

counsel.  *See e.g.*, ***Brown v. Leavenworth County, Kansas***, Case No. 08-3175-

SAC;  ***Brown v. Leavenworth County, Kansas***, No. 08-3276, 2009 WL 1132358

(10th Cir., Apr. 28, 2009).  Plaintiff's renewed request for appointment of counsel

is hereby **DENIED.**

> ### 2.      Requests for Temporary Restraining Order.

Both of the above motions seek an emergency restraining order against

defendant Simon Jones relating to Plaintiff's current conditions of incarceration at

the U.S. Penitentiary in Tucson, Arizona.  This civil case, however, deals with

Plaintiff's claims relating to his prior incarceration at the U.S. Penitentiary in

Leavenworth, Kansas.  Plaintiff has made similar complaints about his conditions

of incarceration in prior motions.  *See* Doc. 97.  The Court has previously noted

that these requests for orders concerning his current conditions of incarceration and

requests for hearings concerning those motions are not properly before the Court in

this case.  *See* Doc.102 at 8-10.

Defendants urge that any such complaints require administrative exhaustion

under The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e)(a).  The

Court agrees.  *See* ***Porter v. Nussle***, 534 U.S. 516, 532 (2002);  ***Woodford v. Ngo***,

548 U.S. 81, 94 (2006); and ***Jones v. Bock***, 549 U.S. 199, 211 (2007).  Having

failed to exhaust all administrative remedies concerning these complaints, the

Court recommends that Plaintiff's motions for a temporary restraining order (Doc.

128, 129) be **DENIED.**  A copy of this recommendation shall be sent to Plaintiff

*via* U.S. mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed. R. Civ. P. 72, and D.Kan.

Rule 72.1.4,  Plaintiff shall have ten days after service of a copy of these proposed

findings and recommendations to serve and file with the U.S. District Judge

assigned to the case, his written objections to the findings of fact, conclusions of

law, or recommendations of the magistrate judge.  Plaintiff's failure to file such

written, specific objections within the ten-day period will bar appellate review of

the proposed findings of fact, conclusions of law, and the recommended

disposition.

> **3.     Request for Extension of Time to Contact the Court.**

In both of the motions, Plaintiff also moves the Court for a 90 day extension

of time.  (Doc. 128 at 2; 129 at ¶ 19.)  In one motion, the request for an extension is

stated as an alternative request to any temporary restraining order .  (Doc. 128 at

2.)  In the other motion, the extension of time "to contact this Court," is

presumably for the purpose of allowing Plaintiff to respond to Defendants' Motion

for Sanctions Under Rule 11. (Doc. 124).[1]  The Court has addressed Defendants'

motion for Rule 11 sanctions in its prior order of today's date, Doc. 132, and has

taken the motion under advisement.  Consequently, Plaintiff's request for an

extension of time to respond to the motion for sanctions is hereby **GRANTED IN**

**PART and DENIED IN PART.**  The Court does not believe that Plaintiff should

require 90 additional days to respond to the motion for sanctions.  Therefore, any

such response shall be filed not later than **September 14, 2009.**

   **IT IS SO ORDERED.**

   Dated at Wichita, Kansas, on this 4th day of August, 2009.


                              s/  DONALD W. BOSTWICK
                              DONALD W. BOSTWICK
                              United States Magistrate Judge

---

[1]  In both of the motions, Plaintiff alleges that some of the conduct about which he is complaining took place shortly after, and allegedly in direct response to, his "attempt to answer the Rule 11 sanctions with overwhelming evidence."  (Doc. 128 at 2).  *See also*, Doc. 129 at ¶ 3.)