# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BRIAN L. BROWN,            )
                             )
              Plaintiff,        )
                             )
vs.                           )     Case No. 06-3003-JTM-DWB
                             )
MICHAEL GRAY, *et al.*,     )
                             )
             Defendants.    )
_____)

## ORDER ON MULTIPLE MOTIONS OF THE PARTIES

The following motions are pending before the Court:

1.     Plaintiff's request for appointment of counsel (Doc. 137), with Defendants' response (Doc. 138);

2.     "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 37" (Doc. 139), with Plaintiff's response (Doc. 147);

3.     Plaintiff's "Motion for Stay of Proceedings or in Alternative Motion for Appointment of Counsel" (Doc. 140), with Defendants' response (Doc. 145);

4.     Plaintiff's "Motion for the Court to {Deny} the Defendant(s) Motion to Dismiss as a Sanction Under Fed. R. Civ. P. Rule 37 'And' Motion for Appointment of Counsel" (Doc. 148),[1] with

---

[1] This document is identical to Doc. 147, which is Plaintiff's response to Defendants' Motion to Dismiss (Doc. 139).  As such, Doc. 148 will not be considered as separate "motion to deny" Defendants' motion to dismiss.  These two documents, however, include an additional request by Plaintiff for appointment of counsel. (*See* Doc. 147, at 11-14, Doc. 148, at 11-14).  This portion of these filings will be considered by the

Defendants' response (Doc. 153);

5.      Plaintiff's "Motion for Request for Default Effect of Failure to Follow Court Orders Fed. R. Civ. P. Rule 55(b)(2)" (Doc. 149), with Defendants' response (Doc. 151);

6.      Plaintiff's "Motion for Out of time Answer to the Defendants [sic] Rule 11 Petition for Reasons of 'Legal Disability,' and Equitable Tolling" (Doc. 154), and Defendants' response (Doc. 160);

7.      Plaintiff's "Motion for Permission and Leave to Present Depositions to all Defendants in this Prisoner Complaint Action Pursuant to Fed. R. Civ. P. Rule 31" (Doc. 155), with Defendants' response (Doc. 159);

8.      Plaintiff's "Motion for Permission to Request 2nd Set of Interrogatories, Documents, and Admissions of the Defendants Fed. R. Civ. P. Rule 33(a), 34, 36 " (Doc. 156), with Defendants' response (Doc. 161);

9.      Plaintiff's "Petition for Service of Process by Unserviced Defendants in this Case Fed. R. Civ. P. Rule 4 (b) and (i)" (Doc. 157), with Defendants' response (Doc. 163); and

10.     Defendants' "Motion for Rule 11 Sanctions Against Brian Brown" (Doc. 124) also remains pending as it was previously taken under advisement by the Court (Doc. 132, at 16).

Having reviewed the parties' submissions, the Court is prepared to rule on these pending motions.[2]

_____

Court as an independent motion.

[2] The following additional motions are currently pending before the District Court: (1) Plaintiff's "Motion to Court to Reconsider Doc. 135 and Allow Time to Respond Rule 60(b), Fed. R. Civ. P" (Doc. 141) (relating to the District Court's denial of Plaintiff's

## BACKGROUND

The background of this case was summarized in the Court's Orders of June 18, 2008 (Doc. 75), January 28, 2009 (Doc. 102), which are incorporated herein by reference. Further rulings and background are contained the Court's simultaneously filed Orders of August 4, 2009. *See* Docs. 132, 133.

As with Plaintiff's previously filed (and ruled upon) motions, many of the complaints contained in the above enumerated motions are regurgitations of prior complaints by Plaintiff alleging that his current conditions of incarceration at the U.S. Penitentiary in Tucson, Arizona, are preventing him from properly responding to orders of the court in this pending civil case. Defendants adamantly deny each and every allegation by Plaintiff.

## DISCUSSION

**A.    Plaintiff's Request for Appointment of Counsel (Doc. 137)**.

In a letter addressed to the "Chief Justice" which Plaintiff filed as a pleading, he again requests the appointment of counsel. (Doc. 137.) Plaintiff has previously requested appointment of counsel numerous times, and such requests

---

request for a temporary restraining order); and (2) Plaintiff's "Motion for Reconsideration of Denial of Temporary Restraining Order Pursuant to Fed. R. Civ. P. Rule 59(e)" (Doc. 158) (also relating to the District Court's denial of Plaintiff's request for a temporary restraining order).

were denied without prejudice.  (Doc. 13, at 3; Doc. 63, at 4-6, Doc. 133, at 2-3.)

In ruling on one of the prior requests, the Court noted that the denial was "without

prejudice to renewal in the future should Plaintiff provide the Court with sufficient

evidence of a compelling need for a court-appointed attorney."  (Doc. 63 at 6.)  As

the Court noted in denying Plaintiff's most recent previous request (*see* Doc. 133,

at 3), Plaintiff does not present any new evidence that would show a compelling

need for appointment of counsel.

Absent additional evidence of a "compelling need" for counsel, the Court

again notes that Plaintiff has been able to file numerous pleadings in the present

case and to prosecute similar claims in other cases, both at the district court and on

appeal, without appointed counsel.  *See e.g.*, ***Brown v. Leavenworth County,***

***Kansas***, Case No. 08-3175-SAC;  ***Brown v. Leavenworth County, Kansas***, No.

08-3276, 2009 WL 1132358 (10th Cir., Apr. 28, 2009).  As such, Plaintiff's

renewed request for appointment of counsel (Doc. 137) is hereby **DENIED.**

**B.**     **Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 37 (Doc. 139).**

In this Motion, Defendants request the Court dismiss Plaintiff's case as a

Rule 37 sanction for "Plaintiff's failure to meaningfully respond to Defendants'

Interrogatories."  (Doc. 139, at 1.)  Defendants previously filed a motion to compel

regarding the discovery at issue, which the Court granted, ordering in part:

Plaintiff is hereby ordered to answer Interrogatories Nos. 1 and 27, which he previously failed to answer. He is further ordered to answer Interrogatory No. 4 in full, specifically the portion in which he is asked to identify the non-8th Amendment law or other legal right each Defendant/potentially new Defendant allegedly violated. Finally, Plaintiff is ordered to provide specific, non-qualified, nonevasive answers to Defendants' Interrogatories Nos. 5-26, indicating whether the identified individuals violated his 8th Amendment rights and/or violated his legal rights in any other way. In so doing, Plaintiff is instructed to provide dates and/or relevant time periods for the allegedly unlawful conduct and to describe the complained of actions or omissions of each individual in detail as requested in the interrogatories. Plaintiff's full and complete answers to these interrogatories shall be served on or before **September14, 2009.** Because these interrogatories have been outstanding for a considerable period of time, having been initially served on Plaintiff on June 30, 2008 (Doc. 108, ¶ 1), no further extension of time will be allowed. Failure of Plaintiff to timely submit the required answers may result in sanctions, including but not limited to a recommendation that this case be dismissed.

(Doc. 132, at 10 (emphasis in original).)

After reviewing Plaintiff's supplemental answers (which were dated September 10, 2009), Defendants filed the present Motion to Dismiss. (Doc. 139.) Defendants argue that Plaintiff's alleged failure to comply with the Court's August 4, 2009, Order makes it impossible for them to "meaningfully defend Plaintiff's claims based upon the inadequacy of his discovery responses." (Doc. 139, at 2.)

Defendants further contend that

> Plaintiff continues to provide incomplete factual
> information detailing the specific actions of the specific
> defendant mentioned in each and every Interrogatory and
> the legal basis for his claim against each individual
> defendant. Plaintiff's responses to Defendants'
> interrogatories attempt to lump all defendants
> together–without specifics about the alleged actions of
> the individuals defendants. Plaintiff's responses are often
> incoherent and are in some instances incomplete
> sentences. In some responses, Plaintiff does not even
> mention the name of the defendant in all or part of his
> interrogatory response related to a specific claim. Rather
> than clarifying his existing claims, it appears Plaintiff is
> raising new claims for the first time in the Interrogatory
> responses, including claims related to legal materials, but
> yet remains non-specific about the alleged actions of the
> individual Bivens defendants he sues.

(*Id.*)  Plaintiff contends that he has provided the requested information and

"followed the Orders of this Court . . ."  (Doc. 147, at 6-9.[3])

Defendants do not specify which of Plaintiff's supplemental Interrogatory

responses are insufficient.  Given the tenor of Defendants' motion, however, the

Court surmises that Defendants are unsatisfied with *all* of Plaintiff's supplemental

responses.

The Tenth Circuit has addressed Rule 37 sanctions that would result in

---

[3] In addition to serving as Plaintiff's response to Defendants' motion to dismiss, this filing also makes yet another request for counsel.  (*See* Doc. 147, at 11-14; Doc. 148, at 11-14.)  To the extent this portion of Plaintiff's filing is considered an independent motion for the appointment of counsel, it is address in § D, below.

dismissal of the case:

> Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure permits a court to issue '[a]n order ... dismissing the action' '[i]f a party ... fails to obey an order to provide or permit discovery.' Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make.
>
>  . . .
>
> [D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct. *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir.1988); *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872-73 (10th Cir.1987); *Standard Metals*, 817 F.2d at 628-29. In many cases, a lesser sanction will deter the errant party from further misconduct. 'Because dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.' ' *Meade*, 841 F.2d at 1520 n.6.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). This is especially true in cases in which dismissal is sought against a *pro se* party. When faced with such a request, "the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the [*pro se*] party does not unknowingly lose its right of access to the courts because of a technical violation." *Id.*, at n.3 (citing *Mitchell v. Inman*, 682 F.2d 886, 887 (11th Cir.1982) (per curiam)).

 After review of Plaintiff's supplemental responses, the Court cannot find that Plaintiff's answers constitute the "willful misconduct" necessary to justify dismissal, and the Court does not feel that Rule 37 sanctions are necessary at this

time.  Plaintiff's supplemental responses appear to be adequate, particularly those responses to Interrogatories Nos. 1, 4, and 27.

As for Interrogatories Nos. 5-23 and 25-26, the Court previously directed Plaintiff to "provide dates and/or relevant time periods for the allegedly unlawfully conduct and to describe the complained of actions or omissions of each individual in detail . . ." (Doc. 132, at 10.)  Although Plaintiff's responses are indeed often confusing and inartfully worded, the Court finds that Plaintiff has attempted to provide the required detail to the best of his ability.  Because Defendants have frequently opposed Plaintiff's requests for legal counsel, they should be prepared to manage the inconveniences and challenges of Plaintiff representing himself. Their complaint that Plaintiff's supplemental discovery responses are difficult to decipher, and thus Plaintiff's case should be dismissed, seems somewhat calculated in the Court's opinion.  To the extent Plaintiff's written discovery responses have caused legitimate confusion for Defendants, defense counsel is free to attempt to clarify any such ambiguity by questioning Plaintiff directly during a deposition. Defendants' Motion to Dismiss (Doc. 139) is, however, **DENIED**.

The Court notes that Plaintiff's supplemental discovery responses (Doc. 139-3, at 73-74) contain no answer to Defendants' Interrogatory No. 24.  Given Plaintiff's attempts to provide supplemental responses to all of the other discovery

requests, this appears to be a mere oversight on his part.  Plaintiff is directed to

provide an appropriate supplemental response to this Interrogatory on or before

**February 22, 2010**.

**C.**     **Plaintiff's Motion for Stay of Proceedings or in Alternative Motion for Appointment of Counsel (Doc. 140)**.

Plaintiff next requests the Court stay this case because Defendants are

allegedly "intentionally blocking [his] access again to this Court . . ."  (Doc. 140, at

1.)  He specifically complains about being placed in a Special Housing Unit.  (*Id.*)


Defendants argue that Plaintiff's complaints are moot as he was released

from the Special Housing Unit and placed with the general prison population as of

October 13, 2009.[4]  (Doc. 145, at 2.)  Further, Defendants contend that the

complaints contained in Plaintiff's motion require administrative exhaustion.  *See*

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e)(a).  The Court

agrees.  *See* ***Porter v. Nussle***, 534 U.S. 516, 532 (2002); ***Woodford v. Ngo***, 548

U.S. 81, 94 (2006); and ***Jones v. Bock***, 549 U.S. 199, 211 (2007).  Having failed to

exhaust all administrative remedies concerning these complaints, which now

appear to be moot, the Court **DENIES** Plaintiff's motion to stay this case.  (Doc.

---

[4]  Because Plaintiff did not file a reply to Defendants' response, the Court must accept this allegation as uncontroverted.

140.)

Plaintiff *again* requests appointment of counsel in this motion, but again fails to provide the Court with any new evidence of a compelling need. As such, the Court incorporates the analysis of this issue contained in § A, above, and § D, below, of this Order. Plaintiff's request for counsel is hereby **DENIED**. (Doc. 140.)

**D.** **Plaintiff's "Motion for the Court to {Deny} the Defendant(s) Motion to Dismiss as a Sanction Under Fed. R. Civ. P. Rule 37 'And' Motion for Appointment of Counsel" (Docs. 147, 148)**.

In the next motion before the Court, Plaintiff again seeks the appointment of counsel. (Doc. 147, at 11-14; Doc. 148, at 11-14.) To the extent portions of these documents constitute Plaintiff's response to Defendants' Motion to Dismiss, the same are discussed in the Court's denial of Defendants' motion in § B, above.

As discussed in § A, above – as well as in prior Orders of this Court (*see* Doc. 133, at 3) – Plaintiff fails to present any new, substantive evidence to establish a compelling need for appointment of counsel. Instead, Plaintiff is merely rehashing the same "access to the Court" arguments he has made in prior motions to the Court. (*See generally*, Doc. 128.) Plaintiff's additional request for appointment of counsel (Docs. 147, 148) is hereby **DENIED**.[5]

---

[5]  Again, Doc. 147 and Doc. 148 are identical.

10

**E.** **Plaintiff's "Motion for Request for Default Effect of Failure to Follow Court Orders Fed. R. Civ. P. Rule 55(b)(2)" (Doc. 149)**.

Plaintiff next moves the Court for an order of default against Defendants for their failure to answer his Third Amended Petition. (Doc. 149.) Plaintiff contends that more than 60 days have lapsed since the Court's August 4, 2009, Order (Doc. 132), thus the case is "well beyond the wavers [sic] service, as of the date they should have been serviced, and Brown moves for this Court to permit a hearing, to conduct, a default judgment, for failure to respond to this Courts [sic] Orders." (Doc. 149, at 2.) Defendants respond that "[b]ecause Plaintiff has not served *any* of the thirteen persons added as new defendants in his April 6, 2009, Third Amended Complaint . . . the time for the Defendants to file their answer or other responsive pleading has not yet commenced." (Doc. 151, at 1.) A review of the Court's prior Order will resolve the confusion between the parties.

Defendants previously moved to strike Plaintiff's Third Amended Complaint because Plaintiff simply filed it, rather than filing the appropriate motion for leave to amend. (Doc. 110.) The Court held that striking the Complaint would not serve the interests of judicial economy and denied Defendants' motion in part. Instead, the Court accepted the alternative request contained in Defendants' motion and issued the following Order:

Defendants argue in the alternative, however, that the

> Court "extend the time for all Defendants to answer until 60 days after the date the last newly added Defendant is appropriately served in accordance with the Fed. R. Civ. P. 4(i)(3)." (Doc. 110, at 2.)  According to Defendants, this "would potentially allow *all* defendants to file . . . one joint answer and/or appropriate dispositive motions at the same time as the newly added defendants may request representation by the Department of Justice as was true for the original eleven defendants." (*Id.* (emphasis in original).)  This, in the Court's opinion, is a more appropriate solution.
>
> The Court will, therefore, **GRANT IN PART** Defendants' motion to the extent they have requested an extension of time for all Defendants to answer Plaintiff's Amended Complaint (Doc. 109) until 60 days after the date on which the last newly added Defendant is appropriately served pursuant to the Fed. R. Civ. P. 4(i)(3).

(Doc. 132, at 5.)

It is uncontroverted that the newly added Defendants have yet to be served with Plaintiff's Third Amended Complaint.[6]  (*See* Doc. 151, at 3, Doc. 157.)  Thus, pursuant to the Court's order, the 60 days given to <u>all</u> Defendants to Answer Plaintiff's most-recent Complaint has not even begun to *commence*, let alone expire.  As such, none of the Defendants are in default – nor are any of them currently in danger of being so.  Plaintiff's motion (Doc. 149) is **DENIED**.

**F.     Plaintiff's "Motion for Out of time Answer to the Defendants [sic] Rule**

---

[6] This issue is further addressed in § H of this Order, below.

**11 Petition for Reasons of 'Legal Disability,' and Equitable Tolling"**
**(Doc. 154).**

In its August 4, 2009, Order, the Court addressed Defendants' "Motion for

Rule 11 Sanctions Against Brian Brown" (Doc. 124). Defendants were

particularly concerned with Plaintiff's continued allegation that "Defendants, the

Bureau of Prisons or defense counsel are interfering with his access to this or other

Courts . . ." (Doc. 125, at 3.) The Court noted that Plaintiff failed to respond to

the motion prior to the expiration of the deadline pursuant to D. Kan. Rule

6.1(d)(1). Even so, the Court examined Defendants' motion on its substantive

merits, taking it under advisement. The Court determined that it was

> currently unwilling to hold that Plaintiff's statements are
> objectively unreasonable given the nature of his claims in
> this lawsuit. Obviously, the factual allegations contained
> in Plaintiff's Complaint are, on their face, somewhat
> outrageous – as are the facts in many tort actions. That
> does not mean, however, that such allegations are untrue
> or "unreasonable." That stated, the Court is not opining
> regarding the veracity of Plaintiff's allegations.

(Doc. 132, at 16.)

Plaintiff has since requested leave to file a response to Defendants' motion

for sanctions out of time. (Doc. 154.) Plaintiff contends that as a result of his

"Legal Disability," the doctrine of "equitable tolling" should be employed to

permit him to respond to Defendants' motion. (*Id.*, at 1.) According to Plaintiff,

his "legal disability" is the result of Defendants' intentional efforts to deny him access to the Court, specifically through the denial of adequate postage. (*Id.*, at 2-5.)

District Court of Kansas Local Rule 6.1 covers motions for extensions of time. The rule "provides that an extension of time will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect." ***Howard v. TMW Enterprises, Inc.***, 32 F.Supp.2d 1244, 1254 (D.Kan. 1998) (emphasis added). The U.S. Supreme Court addressed the issue of "excusable neglect" in the decision of ***Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership***, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The ***Pioneer*** Court noted that the common meaning of "neglect" is "'to give little attention or respect' to a matter, or . . . 'to leave undone or unattended to esp[ecially] through carelessness.'" *Id*. at 388, 113 S.Ct. at 1494-95 (emphasis in Pioneer) (quoting Webster's Ninth New Collegiate Dictionary 791 (1983)); *see also **City of Chanute, Kansas v. Williams Natural Gas Co.***, 31 F.3d 1041, 1046 (10th Cir. 1994) (quoting Pioneer).

It is uncontested that Plaintiff failed to timely respond to Defendants' motion for sanctions, even though the Court extended the deadline to do so. The issue before the Court, therefore, is whether such neglect was "excusable."

In determining whether neglect is excusable, the Court should consider all of the circumstances surrounding the omission, including four specific factors: (1) prejudice to the other side, (2) the length and effect of any delay, (3) the reasons for the omission and whether it was within the control of the party, (4) whether the neglecting party acted in bad faith. *Pioneer*, 507 U.S. at 395, 113 S. Ct. at 1498, 123 L. Ed. 2d 89–90 (analyzing "excusable neglect" under Bankruptcy Rule 9006); *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 624, 628–29 (D.Kan. 2001) (analyzing excusable neglect under Fed. R. Civ. P. 6). *See also City of Chanute*, 31 F.3d at 1046 (noting that fault in the delay remains a very important factor, but courts must look to the entire circumstances of the case).

Plaintiff's only attempt to establish "excusable neglect" is to argue that he suffers from a "legal disability," which is the direct result of Defendants' efforts to block his access to the Court. (Doc. 154, at 1-5.) Defendants continue to argue that there is no support for Plaintiff's contentions that he is being denied access to the Court. (Doc. 160, at 2.) In addition, Defendants point out that Plaintiff received an extension to respond to the motion, but still failed to file a response by the extended deadline – despite having filed numerous other pleadings after the Court provided the extension. (Doc. 160, at 2; *see, e.g.,* Plaintiff's other filings, Docs. 137, 140, 141,147, 148, 149, and 150.) According to Defendants, Plaintiff

"simply chose to ignore the deadlines imposed by this Court; his poor choices are not a basis for extending the deadline to file a response to Defendants' Rule 11 motion." (*Id.*) The Court is inclined to agree with Defendants. Nothing in Plaintiff's motion provides an explanation as to why he should be excused from filing a timely response to Defendants' motion when he was able to file numerous other pleadings.[7] Therefore, Plaintiff's motion for leave to respond to the motion out of time (Doc. 154) is, therefore, **DENIED.**

**G.  Plaintiff's "Motion for Permission and Leave to Present Depositions to all Defendants in this Prisoner Complaint Action Pursuant to Fed. R. Civ. P. Rule 31" (Doc. 155) and "Motion for Permission to Request 2nd Set of Interrogatories, Documents, and Admissions of the Defendants Fed. R. Civ. P. Rule 33(a), 34, 36 " (Doc. 156)**

Plaintiff's next two motions seek permission from the Court to engage in discovery with Defendants through Rule 31 Depositions by Written Questions (Doc. 155) and Interrogatories, Requests for Production, and Requests for Admission (Doc. 156). The Court does not necessarily find anything out of the ordinary regarding Plaintiff's proposed discovery. Defendants have responded to both motions, however, requesting a stay of further discovery until the Court rules

---

[7] Additionally, in granting Plaintiff's prior requested extension to respond to this motion, the Court specifically denied Plaintiff's request for 90 additional days. (Doc. 133, at 4-5.) Had the Court allowed Plaintiff that additional 90 days, even *that* extension would have expired long before Plaintiff filed the present motion on December 18, 2009.

on their pending dispositive motion.[8]  (Doc. 159, at 1; Doc. 161, at 1.)

Considering the issues contained in Defendants' Motion to Dismiss (Doc. 139), the Court would, at first glance, be justified in finding Plaintiff's requests for discovery to be somewhat disingenuous.  Defendants moved to dismiss Plaintiff's claims "[b]ased on the inadequacies" of Plaintiff's responses to Defendants' discovery and "as a sanction for failing to meaningfully participate in the discovery process."  (*Id*., at 2.)  Further, Plaintiff himself has requested to stay the case.  (*See* Doc. 140.)  As such, the Court cannot see how he would have been harmed by delaying discovery until a ruling was issued on Defendants' dispositive motion.

This Order, however, includes a decision denying Defendants' Motion to Dismiss (*see* § B, above), which removes Defendants' main argument against allowing the discovery.  Defendants also argue that it would be wasteful to allow Plaintiff to propound discovery "when he did not meaningfully respond to Defendants' discovery requests . . ."  (Doc. 159, at 1; Doc. 161, at 1.)  However, as also discussed in § B, above, the Court has found Plaintiff's supplemental discovery responses to be adequate, albeit somewhat confusing.  Thus, the Court finds no compelling reason to prohibit Plaintiff from obtaining additional discovery in this case.  However, the Court holds that, in the interest of judicial

---

[8]  Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 37.  (Doc. 139.)

economy, Plaintiff **shall not** serve any discovery requests on Defendants until after all Defendants have been served with Plaintiff's Third Amended Petition.[9]  Further, given the legitimate confusion Defendants have experienced regarding Plaintiff's discovery requests (*see* § B, above), the Court finds that Plaintiff **shall not** be allowed to serve any discovery until Defendants have deposed Plaintiff (or have decided not to do so), within the schedule set forth later in this Order.  Plaintiff's motions for discovery (Docs. 155, 156) are therefore **DENIED**, without prejudice to renewal based upon the schedule established by the Court.

**H.**     **Plaintiff's "Petition for Service of Process by Unserviced Defendants in this Case Fed. R. Civ. P. Rule 4 (b) and (i)" (Doc. 157).**

There is the issue of service of summons on the new Defendants added in Plaintiff's most recent Amended Complaint.  Plaintiff has filed a "Petition for Service of Process," in which he moves the Court "to Order the Defendants serviced by the United States Marshals' Office . . ."  (Doc. 157, at 2.)  Defendants respond that it is "simply wrong" for Plaintiff to suggest that defense counsel is obligated to serve the new Defendants.[10]  (Doc. 163, at 1.)

---

[9]  The Court addresses pending issues regarding service of the newly named Defendants in § H, below.

[10]  Defendants also argue that "[u]ntil the Court rules on Defendants' pending dispositive motion (Doc. 139), the Court should deny all requests by Brown to further purse this case against any defendant."  (Doc. 163, at 1.)  Because this Order also denies Defendants' dispositive motion (*see* § B, above), this argument is moot.

The Court hereby **GRANTS in part** Plaintiff's motion (Doc. 157), and hereby directs Defendants' counsel to assist the Clerk of the Court and the U.S. Marshal's service by providing to the Court any information in Defendants' possession or in the possession of defense counsel concerning the current addresses for each of the newly named Defendants.  Defense counsel shall report any such information to the undersigned magistrate judge by letter report, with a copy to Plaintiff, on or before **February 22, 2010**.  Once this information has been provided, the Clerk is directed to issue summons on the newly-added Defendants for service by the Marshals.

I.     **Defendants' "Motion for Rule 11 Sanctions Against Brian Brown" (Doc. 124).**

This motion was previously taken under advisement by the Court.  (Doc. 132, at 16.)  Notwithstanding Plaintiff's lack of a timely response to the motion, the Court has reviewed Plaintiff's proposed response which was a part of his motion for leave to file a response out of time.  (Doc. 154.)  The main basis for the Rule 11 motion is Plaintiff's continuing complaints that Defendants, their counsel and the Bureau of Prisons is intentionally and unduly limiting Plaintiff's access to the Court through denial of adequate postage and other alleged means.  Defendants

adamantly dispute this claim.[11]  The Rule 11 motion, however, was not

accompanied by any affidavits to establish the falsity of Plaintiff's allegations.

Even had affidavits been provided, the motion may well have raised factual issues

that can not be resolved simply on motions and briefs without supporting

affidavits, depositions etc.  The Court is now allowing Defendants to take

Plaintiff's deposition in this case, *see infra* at §J, and in such a deposition

Defendants will be free to explore any alleged factual basis which Plaintiff may

claim in support of his allegations of denial of access.  Also, if Plaintiff has wholly

failed to bring such claims through the administrative process, this may well have a

bearing on the Rule 11 claims.  Because the Court concludes that the Rule 11

motion is not fully ripe at this time, it hereby **DENIES** the motion (Doc. 125),

without prejudice to renewal after further discovery has been taken.[12]  Plaintiff is

warned, however, that if violations of Rule 11 are established, either in the prior

filings identified by Defendants in their previous motion (Doc. 154), or in any

---

[11]  This is not Plaintiff's first claim of denial of access to the courts.  *See **Brown v. Leavenworth County, Kan.**,* 324 Fed.Appx. 720, 2009 WL 1132358 (10th Cir., Apr. 28, 2009) (holding that a fee for the sheriff to effect service of process in a civil case did not unconstitutionally burden an inmate's access to the courts).

[12]  If Defendants renew their Rule 11 motion, the relief sought may determine how the motion is handled by the magistrate judge.  If the motion seeks dismissal for violation of Rule 11, the magistrate judge will proceed by way of a Report and Recommendation. *See **Hutchinson v. Pfeil**,* 208 F.3d 1180, 1184 n. 7 (10th Cir. 2000); ***Bergeson v. Dilworth**,* 749 F.Supp. 1555, 1561-62 (D.Kan. 1990).

future filings, the Court may issue sanctions against Plaintiff which may include, among other possible sanctions, a dismissal of his claims in this action.

## J.  Scheduling of Discovery.

As previously noted, Plaintiff's discovery responses, while not evidencing such willful conduct as to justify sanctions, are admittedly confusing and often difficult to decipher.  The Court will therefore allow Defendants to take Plaintiff's deposition in order to clarify, if possible, his claims in this action and his discovery responses, and to determine whether Plaintiff has a factual basis for any claims of lack of access to the courts.  This Order specifically allows such deposition to be taken where Plaintiff is incarcerated.  *See* Fed. R.Civ.P. 30(a)(2)(B).  The deposition shall not exceed 7 hours in length.  The deposition shall not be taken until all newly identified Defendants have been joined in this case and their time to answer has expired.[13]  Defendants shall, along with the filing of their joint answer, *see* Doc. 110 at 2, (1) either notice the deposition of Plaintiff within 30 days of the date of filing of the answer or (2) file a certificate stating that they do not seek to depose Plaintiff.

_____

[13]  The Court has previously extended the time for all Defendants to file an answer to Plaintiff's most recent amended complaint for a period of 60 days following the date on which the last newly added Defendant is appropriately served with summons pursuant to Fed. R. Civ. P. 4(i)(3).  If Defendants are unable to provide current addresses for all newly named defendants, the Court may modify this timetable for the filing of a joint answer by all defendants.

Until Defendants have either taken Plaintiff's deposition within the time set out above or have elected not to take Plaintiff's deposition, Plaintiff shall not serve any discovery on any of the defendants. *See* Fed. R. Civ. P. 26(b)(2)(C) (allowing the court to alter or limit the frequency or extent of discovery); *see also* Fed. R. Civ. P. 26(c)(1)(B) (allowing protective orders to specify terms, including time and place, for disclosures or discovery).

After completion of Plaintiff's deposition, or upon determination that such deposition will not be taken within the time set by the Court, the Court will determine what additional discovery is sought by the parties and will set a schedule for the completion of such discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's request for appointment of counsel (Doc. 137) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 139) is **DENIED** as more fully set forth above. Plaintiff is, however, ordered to provide a thorough and appropriate response to Defendants' Interrogatory No. 24 no later than **February 22, 2010**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Stay of Proceedings or in Alternative Motion for Appointment of Counsel" (Doc. 140) is

**DENIED** in its entirety.

**IT IS FURTHER ORDERED** that to the extent Plaintiff's "Motion for the Court to {Deny} the Defendant(s) Motion to Dismiss as a Sanction Under Fed. R. Civ. P. Rule 37 'And' Motion for Appointment of Counsel" (Docs. 147, 148) are independent motions requesting appointment of counsel, the same are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Request for Default Effect of Failure to Follow Court Orders Fed. R. Civ. P. Rule 55(b)(2)" (Doc. 149), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Out of Time Answer to the Defendants [sic] Rule 11 Petition for Reasons of 'Legal Disability,' and Equitable Tolling" (Doc. 154) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Permission and Leave to Present Depositions to all Defendants in this Prisoner Complaint Action Pursuant to Fed. R. Civ. P. Rule 31" (Doc. 155) and his "Motion for Permission to Request 2nd Set of Interrogatories, Documents, and Admissions of the Defendants Fed. R. Civ. P. Rule 33(a), 34, 36 " (Doc. 156) are **DENIED**, without prejudice to renewal, as more fully set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's "Petition for Service of Process by Unserviced Defendants in this Case Fed. R. Civ. P. Rule 4 (b) and (i)"

(Doc. 157) is **GRANTED in part** as more fully set forth above.

**IT IS FURTHER ORDERED** that Defendants' Motion for Rule 11

Sanctions Against Brian Brown (Doc. 124, 125), is hereby **DENIED**, without

prejudice to renewal in the future.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 22nd day of January, 2010.

    s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge