# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN L. BROWN,           )
                          )
      Plaintiff,         )
                          )
vs.                       )   Case No. 06-3003-JTM-DWB
                          )
MICHAEL GRAY, *et al.*,   )
                          )
      Defendants.        )
                          )

## **ORDER ON MULTIPLE MOTIONS OF THE PARTIES**

    The following motions are pending before the Court:

1. Defendants' "Motion to Reconsider Portions of This Court's January 20, 2010 'Order on Multiple Motions of the Parties' (Doc. 164)" (Doc. 170), with Plaintiff's untimely response (Doc. 183);

2. Plaintiff's "Motion for Protective Order re Depositions (Fed. R. Civ. P. Rule 30(c)(d) [sic]" (Doc. 172), with Defendants' response (Doc. 175);

3. Defendants' "Motion to Extend the Time to Provide Addresses of Newly Added Defendants Who Are Not Currently BOP Employees Until Five Working Days After the Court Rules on the Defendants' Motion to Reconsider Portions of This Court's January 20, 2010 'Order on Multiple Motions of the Parties' (Doc. 164)" (Doc. 174); and

4. Plaintiff's "Motion for the Court to Deny Defendants [sic] Request to Expand Depositions Time and Claims and Motion to Limit Depositions (Local Rule 7.3)" (Doc. 176), with

>    Defendants' response (Doc. 177);[1]

5. Plaintiff's "Emergency Motion To Take Leave, to Stay Proceedings Due to Legal Disability" (Doc. 178), with Defendants' Response (Doc. 179);

6. Plaintiff's motion for 30-day extension to respond to all motions (Doc. 182), with Defendants' response (Doc. 184); and

7. Plaintiff's "Notice & Request for Hearing" (Doc. 186), with Defendants' response (Doc. 187); and

8. Plaintiff's Notice of Address Change, Notice of Second Contemporary Violation to Continue, and Motion for Hearing Fed.R.Civ.P. 65(b) (Doc. 189 & 190),[2] with Defendants' response (Doc. 191).

Having reviewed the parties' submissions, the Court is prepared to rule on these pending motions.[3]

---

[1] This motion (Doc. 176) is actually a verbatim regurgitation of Plaintiff's Motion for Protective Order (Doc. 172). Plaintiff simply re-titled the document and filed it ten days later. Plaintiff did not even bother to change the February 9, 2010, date above his signature line on the second motion, which was filed on February 26, 2010. (*Compare* Doc. 172, at 6 *to* Doc. 176, at 6.) As such, the Court will decide on Doc. 176 in conjunction with Doc. 172 and not as a separate motion.

[2] Plaintiff submitted one document with multiple topics. That same document was then docketed by the Clerk of Court both as a "Notice" (Doc. 189) and also as a Motion (Doc. 190). Thus, the Court will decide on Doc. 189 and 190 concurrently.

[3] Plaintiff technically did not file a timely response to Defendants' two pending motions. (Docs. 170, 174.) Two of Plaintiff's pending motions (Docs. 172, 176) do, however, implicate certain of the issues raised in Defendants' motions and, therefore, will be considered as responsive to Defendants' motions (Docs. 170, 174.) After filing various requests for additional time based on his perceived "legal disability," which the Court is not inclined to grant (*see* below), Plaintiff filed an "objection" and "motion to deny" Defendants' Motion for Reconsideration. (Doc. 183.) Plaintiff also did not file a

## BACKGROUND

The background of this case was summarized in the Court's Orders of June 18, 2008 (Doc. 75), January 28, 2009 (Doc. 102), and January 20, 2010 (Doc. 164), which are incorporated herein by reference. Further rulings and background are contained the Court's simultaneously filed Orders of August 4, 2009. *See* Docs. 132, 133.

As with Plaintiff's previously filed (and ruled upon) motions, many of the issues contained in the above enumerated motions relate to prior and on-going complaints by Plaintiff that his conditions of incarceration are preventing – or intentionally inhibiting – him from properly responding to orders of the Court in this pending civil case. Defendants adamantly deny each and every allegation by Plaintiff. Because of the overlapping nature of Defendants' and Plaintiff's pending motions (*see* n.1, n.2, *supra*), the Court will address these motions together.

## DISCUSSION

The first motion before the Court is Defendants' request (Doc. 170) for the Court to reconsider portions of it's January 20, 2010, Order (Doc. 164). Although

---

reply to Defendants' responses to certain of Plaintiff's pending motions (Docs. 172, 176, 178, 182, 186). Thus, in regard to these motions, Plaintiff either did not respond/reply or did so in an untimely manner. D. Kan. R. 6.1(d)(1). Where appropriate, however, the Court will consider Plaintiff's responsive arguments.

Plaintiff technically did not file a timely response to this motion, he did file his "Motion for Protective Order re Depositions (Fed. R. Civ. P. Rule 30(c) (d) [sic])" (Doc. 172), which, in effect, addresses the first issue Defendants have asked the Court to reconsider. As such, the Court will consider this motion (Doc. 172) as Plaintiff's response to the arguments contained in Defendants' Motion to Reconsider.[4]

Defendants initially request the Court to reconsider a scheduling aspect of the prior Order which limited Defendants' deposition of Plaintiff to seven hours. Defendants argue that given the number of named Defendants in this case and substance of Plaintiff's allegations – including Plaintiff's contention that he has been denied access to the Court despite the sheer volume of filings he has made in this and other civil cases – Defendants should be allowed to depose Plaintiff for six hours on two separate days, for a total of 12 hours. (Doc. 170, at 3-5.)

Plaintiff contends that Defendants' request for additional deposition time is improper – specifically as it would allow them to question him regarding his filings in other civil cases. (*See generally*, Doc. 172.)[5] Plaintiff argues that "[n]othing in

---

[4] Where relevant, the Court will also consider substantive arguments contained in Plaintiff's "Objection and Renewed Motion to deny the Defendants [sic] Motion for Reconsideration of Court Orders" (Doc. 183), despite Plaintiff's delay in filing it.

[5] Plaintiff's actual response to Defendants' motion for reconsideration, regardless of whether or not it was untimely filed, did not address this issue of the amount of time

the other cases will prove the issues before this court, and seeks nothing but to harass, cause confusion of the issues, or mislead the judge, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." (*Id.*, at 4.) The Court is not concerned that it will be "misled" by Defendants' investigation of these other cases and cannot agree with Plaintiff's reasoning.

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991).

Plaintiff has repeatedly argued that Defendants are unconstitutionally

---

Defendants would be allowed to depose Plaintiff. (*See generally*, Doc. 183.)

inhibiting his access to the courts. The potential deposition topics at issue specifically relate to these claims being made by Plaintiff. As such, Plaintiff has knowingly and actively placed this subject – which implicates and relates to his filings in this and his other cases – at issue in the present lawsuit.

Further, Plaintiff has chosen to bring this litigation against 23 different Defendants. Considering the volume of subjects and parties to be addressed in Plaintiff's deposition, the Court finds Defendants' arguments to be valid and hereby **GRANTS** this portion of Defendants' Motion to Reconsider (Doc. 170). As such, Plaintiff's related Motion for Protective Order (Doc. 172) and "Motion for Court to Deny Defendants [sic] Request to Expand Depositions Time and Claims and Motion to Limit Depositions (Local Rule 7.3)" (Doc. 176) are hereby **DENIED** in their entirety.

Defendant also asks the Court to reconsider the manner in which the Court ordered Defendants to provide Plaintiff with contact information regarding the newly named Defendants. In its prior Order, the Court directed defense counsel

> to assist the Clerk of the Court and the U.S. Marshal's service by providing to the Court any information in Defendants' possession or in the possession of defense counsel concerning the current addresses for each of the newly named Defendants. Defense counsel shall report any such information to the undersigned magistrate judge by letter report, with a copy to Plaintiff . . . Once this information has been provided, the Clerk is directed to

6

> issue summons on the newly-added Defendants for
> service by the Marshals.

(Doc. 164, at 19.) Defendants object to the extent this Order

> requires defense counsel to provide the Court and
> Plaintiff any addresses other than the current work
> address for current BOP employees. Similarly, in regard
> to the newly added defendants who no longer work at the
> BOP, counsel objects to providing Plaintiff, a convicted
> felon who is still serving a life sentence, with the home
> or other known addresses of those defendants.

(Doc. 170, at 2.) Instead, Defendants ask for the Court to authorize defense counsel to submit the address of the no-longer-employed, newly-added Defendants to the Court while redacting those addresses in the copy of the letter sent to Plaintiff. (*Id.*, at 11.) Finally, Defendants ask that home addresses of current defendants and other addresses of former BOP defendants also be redacted from copies of the summons and/or return of service "and that their addresses not be added to the Court's docket sheet in Pacer." (*Id.*)

Plaintiff's response, regardless of whether or not it was untimely filed, did not address the manner in which Defendants requested to provide Plaintiff with contact information regarding the newly named Defendants. (*See generally*, Doc. 183.) He also did not address this subject in his two pending motions (Docs. 172, 176), discussed above. As such, the Court finds this portion of Defendants' motion to be both facially valid and uncontested pursuant to D. Kan. Rule 7.4. The Court

therefore **GRANTS** Defendants' Motion to Reconsider (Doc. 170) in it's entirety.[6]

Plaintiff's response to Defendant's Motion to Reconsider also included his argument that "there is no rule, or any other statue [sic] that states that prisoners are denied any use of Federal Rules of Civil Procedure, until first filing administrative remedies, once the case has been filed." (Doc. 183, at 7.) Plaintiff states that "Defendant is asking this Court to 'make a new rule', that prohibits the Plaintiff from useing [sic] this rule, by the [S]upreme Court, because he must exhaust a new administrative remedie [sic] prior to telling this Court of this issue." (*Id*., at 8.) He contends that "the Defendant seeks to prevent any pleading without first exhausting administrative remedies if the government is involved." (*Id*., at 9.)

The Court does not agree with Plaintiff's analysis. The Court's review of Defendants' submissions finds no argument or contention by Defendants that Plaintiff must exhaust administrative procedures prior to filing *any* pleading with the Court. Rather, Defendant merely argues that Plaintiff must exhaust his administrative remedies prior to seeking redress in this lawsuit for newly raised factual complaints. Even assuming Plaintiff had exhausted his administrative remedies prior to alleging new facts and/or making complaints about Defendants,

---

[6] To the extent Plaintiff's response to Defendants' Motion to Reconsider (Doc. 183) also contains a "motion to deny the Defendants [sic] motion for reconsideration," the same is **DENIED**.

adding such complaints to the present, in-progress lawsuit would be improper. *See Koch v. Neubarth*, No. 09-CV-00116-SMS, 2010 WL 1791141, at *1 (E.D. Cal., May 3, 2010) (holding that 42 U.S.C. § 1997e(a) precludes a plaintiff from supplementing his federal court Complaint to add new claims against a defendant).

> Pursuant to the Prison Litigation Reform Act of 1995, '[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.' 42 U.S.C. § 1997e(a). Exhaustion must occur prior to filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir.2002). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002), and '[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' ' *Porter*, 534 U.S. at 524 (citing to *Booth v. Churner*, 532 U.S. 731, 739 n. 5, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)).
> In light of section 1997e(a), Plaintiff may not add to his claim against Defendant . . . [factual allegations] that arose after this suit was filed. In a 'conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict.' *Harris v. Garner*, 216 F.3d 970, 982 (11th Cir.2000). Rule 15 'does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one).' *Id*. at 983; see also *Cox v. Mayer*, 332 F.3d 422, 428 (6th Cir.2003) (citing *Harris* for this proposition with favor). Even though Plaintiff avers that he has exhausted the available administrative remedies on his new factual allegations against [the Defendant], allowing

9

> Plaintiff to supplement his complaint to add a new
> allegations against [the Defendant] would allow Plaintiff
> to thwart the mandate of section 1997e(a), which requires
> that claim exhaustion occur prior to filing suit-not during
> the pendency of the suit. *McKinney*, 311 F.3d at
> 1199-1201.

*Id.*; *see also* The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e)(a).

Also uncontested was Defendants' "Motion to Extend the Time to Provide Addresses of Newly Added Defendants Who Are Not Currently BOP Employees Until Five Working Days After the Court Rules on the Defendants' Motion to Reconsider Portions of This Court's January 20, 2010 'Order on Multiple Motions of the Parties'." (Doc. 174.) Defendants filed this motion "to extend the time to supply the Court with the addresses currently available in files of the defendants and defendant's counsel of the newly added defendants who are not current BOP employees until five working days after the Court rules on Defendants' motion to reconsider." (*Id.*, at 2.) The Court finds this motion to be uncontested pursuant to D. Kan. Rule 7.4, as well as timely filed and facially valid. The Court therefore **GRANTS** Defendants' Motion (Doc. 174). To the extent this information has not been provided to the Court, Defendants shall have until **July 23, 2010**, to supply the Court with such currently available addresses.[7]

---

[7] In accordance with the Court's January 22, 2010, Order (Doc. 164), defense counsel provided, by letter to the Court and copied to Defendant, work addresses for newly named Defendants who currently work for the BOP, as well as a list of the names

10

The Court next turns to Plaintiff's "Emergency Motion To Take Leave, to Stay Proceedings Due to Legal Disability" (Doc. 178) and Motion for 30-day extension to respond to all motions (Doc. 182). Therein, Plaintiff argues that since being placed in the Special Housing Unit, he has been "denied all [his] legal property, and necessary supplies to access this Court," including his legal documents and access to the law library. (Doc. 178.)

The Court previously addressed the issue of Plaintiff's perceived "legal disability" and impaired access to the Court in its January 22, 2010, Order. (Doc. 164.) That prior Order, in relevant part, denied Plaintiff's "Motion for Out of time Answer to the Defendants [sic] Rule 11 Petition for Reasons of 'Legal Disability,' and Equitable Tolling" (Doc. 154). (*See* Doc. 164, at 13-16.) The Court specifically stated

> Plaintiff's only attempt to establish "excusable neglect" is to argue that he suffers from a "legal disability," which is the direct result of Defendants' efforts to block his access to the Court. (Doc. 154, at 1-5.) Defendants continue to argue that there is no support for Plaintiff's contentions that he is being denied access to the Court. (Doc. 160, at 2.) In addition, Defendants point out that Plaintiff received an extension to respond to the motion, but still failed to file a response by the extended deadline

---

of those who are no longer employed by the BOP. Defense counsel also acknowledged the pending Motion for Reconsideration (Doc. 170), while declining to provide additional information regarding newly-named Defendants no longer employed by the BOP until the Court ruled upon that motion. (*See also*, Doc. 174.)

> – <u>despite having filed numerous other pleadings after the Court provided the extension</u>. (Doc. 160, at 2; *see, e.g.,* Plaintiff's other filings, Docs. 137, 140, 141,147, 148, 149, and 150.) According to Defendants, Plaintiff "simply chose to ignore the deadlines imposed by this Court; his poor choices are not a basis for extending the deadline to file a response to Defendants' Rule 11 motion." (*Id.*) The Court is inclined to agree with Defendants. Nothing in Plaintiff's motion provides an explanation as to why he should be excused from filing a timely response to Defendants' motion when he was able to file numerous other pleadings. Therefore, Plaintiff's motion for leave to respond to the motion out of time (Doc. 154) is, therefore, **DENIED.**

(Doc. 164, at 15-16, internal footnote omitted.)

The Court finds nothing in Plaintiff's most recent motion to persuade the Court to change its position. Plaintiff provides no new substantive information to support the entry of an "emergency" Order staying the proceedings based on his alleged "legal disability" and/or his perception that his access to the Court is being inhibited. Although he has made certain allegations regarding Lt. Simon Jones, many of the allegations occurred in 2008, 2009 or early 2009 (*see* Doc. 183, at 2-7), and do not implicate Plaintiff's ability to timely respond to Defendants' more recent motions. Given Plaintiff's abundant filings relating to the motions addressed in the present Order, it is obvious that he remains proficient in submitting his arguments to the Court. Further, it would appear that he has not exhausted his administrative remedies relating to the allegations contained in this

12

motion. *See* The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e)(a)*; see also,* **Porter v. Nussle**, 534 U.S. 516, 532 (2002); **Woodford v. Ngo**, 548 U.S. 81, 94 (2006); and **Jones v. Bock**, 549 U.S. 199, 211 (2007). Thus, the Court sees no reason to "toll all time limits to answer these Court proceedings" as Plaintiff requests. Plaintiff's motions (Docs. 178, 182) are, therefore, **DENIED**.[8]

Next, the Court will address Plaintiff's "Notice & Request for Hearing." (Doc. 186.) Therein, Plaintiff complains that he "has been placed in transfer certain to a known unsafe facility" as a result of actions and decisions by Defendant Simon Jones. (*Id.*) Plaintiff contends that he "is showing yet again that a contemporary violation [is] likely to continue, directly because of all served and non served defendants." (*Id.*) As such, he requests a hearing "to bring this issue before the Court." (*Id.*) Similar arguments are contained in his later-filed Notice & Motion (Docs. 189, 190). Defendants respond that Plaintiff is "again dispelling his false and repeated allegation that defendants and/or their counsel are improperly denying him access to the Court . . ." (Doc. 187, at 1; *see also*, Docs. 191, 192.) Defendants continue that "[b]ecause Plaintiff's allegations are baseless, there is no reason to grant his request for a hearing." (*Id.*)

Plaintiff's complaints require administrative exhaustion under The Prison

---

[8] To the extent Plaintiff is requesting extensions in Docs. 186, 189, and 190, these requests are also **DENIED** for the above and foregoing reasons.

Litigation Reform Act of 1995, 42 U.S.C. § 1997(e)(a).  *See **Porter***, 534 U.S. at 532; ***Woodford v. Ngo***, 548 U.S. at 94; and ***Jones v. Bock***, 549 U.S. at 211.  The Court has no indication that Plaintiff has done so.

Further, Plaintiff has not indicated precisely what he is hoping to accomplish through the requested hearing.  The Court surmises he is again seeking some type of restraining order, similar to what he has requested in the past.  (*See* Doc. 97, Doc. 102, at 8-10, Doc. 128, Doc. 129, Doc. 133, at 3-4.)  This is supported by the fact that 13 days after filing his Notice and Request for Hearing (Doc. 186), he then filed his Motion for Hearing Fed .R.Civ.P. 65(b) (Doc. 190).  That rule deals with injunctions and restraining orders.  Therefore, to the extent Plaintiff is seeking a hearing for a restraining order or injunction, the Court **RECOMMENDS** to the District Court that his "Notice & Request for Hearing" (Doc. 186) and his "Notice of Second Contemporary Violation to Continue & Motion for Hearing Fed. R. Civ. P. 65(b)" (Docs. 189, 190) be **DENIED** because he has failed to exhaust his administrative remedies regarding these latest complaints.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Reconsider (Doc. 170) is hereby **GRANTED** as more fully set forth above.  To the extent Plaintiff's response to Defendants' Motion to Reconsider (Doc. 183) also contains a

"motion to deny the Defendants [sic] motion for reconsideration," the same is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's interchangeable Motion for Protective Order (Doc. 172) and "Motion for Court to Deny Defendants [sic] Request to Expand Depositions Time and Claims and Motion to Limit Depositions (Local Rule 7.3)" (Doc. 176) are hereby **DENIED** in their entirety.

**IT IS FURTHER ORDERED** that Defendants' "Motion to Extend the Time to Provide Addresses of Newly Added Defendants Who Are Not Currently BOP Employees Until Five Working Days After the Court Rules on the Defendants' Motion to Reconsider Portions of This Court's January 20, 2010 'Order on Multiple Motions of the Parties'" (Doc. 174) is hereby **GRANTED**. To the extent this information has not been provided to the Court, Defendants shall have until **July 23, 2010**, to supply the Court with such currently available addresses.

**IT IS FURTHER ORDERED** that Plaintiff's "Emergency Motion to Take Leave, to Stay Proceedings Due to Legal Disability" (Doc. 178) and Motion for 30-day extension (Doc. 182) are **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Notice & Request

for Hearing" (Doc. 186) and his "Notice of Second Contemporary Violation to Continue & Motion for Hearing Fed. R. Civ. P. 65(b)" (Docs. 189, 190) be **DENIED**.

A copy of this recommendation shall be sent to Plaintiff via U.S. mail. Pursuant to 28 U.S.C. §636(b)(1), Fed. R. Civ. P. 72, and D.Kan. Rule 72.1.4, <u>Plaintiff shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge. Plaintiff's failure to file such written, specific objections within the ten-day period will bar appellate review of the</u>

<u>proposed findings of fact, conclusions of law, and the recommended disposition</u>.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 2nd day of July, 2010.

 s/ DONALD W. BOSTWICK  
DONALD W. BOSTWICK  
United States Magistrate Judge
