IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN BROWN,

    Plaintiff,

vs.                                  Case No. 06-3003-JTM

MICHAEL GRAY, ET AL.,

    Defendants.

MEMORANDUM AND ORDER

The following motions and objections are pending before the court:

1. Plaintiff's Objection to Report and Recommendation (Dkt. No. 196) and Motion for Hearing (Dkt. No. 197).

2. Plaintiff's Objection to Report and Recommendation (Dkt. No. 203).

3. Plaintiff's Declaration of Legal Disability (Dkt. No. 213); Notice to the Court by Plaintiff (Dkt. No. 223); Notice of Legal Disability, Notice of Address Change, Request Equitable Tolling (Dkt. No. 238); Notice of Legal Disability, Notice to Judge (Dkt. No. 241).

4. Plaintiff's Emergency Request for Hearing, Imminent Danger of Serious Harm and Constitutional Violations (Dkt. No. 194).

5. Plaintiff's Request and Motion for Permission to Appeal Interrogatory (Dkt. No. 229).

6. Plaintiff's Motion to Compell [sic] Defendants (Dkt. No. 247).

7. Plaintiff's Motion for Leave to Request Removal of Protection Order Prevent Manafest [sic] Injustice (Dkt. No. 251).

1

8. Plaintiff's Emergency Leave Motion for Appointment of Pro-Bono Counsel Manafest [sic] of Injustice (Dkt. No. 252).

9. Plaintiff's Motion for Leave of Court to Address Request for Interlocutory Appeal, Mandamus Request (Dkt. No. 253).

10. Plaintiff's Emergency Motion for Extension of Time to Answer the Current Documents Before this Court (Dkt. No. 254).

11. Defendants' Motion to Amend this Court's September 20, 2010, Order (Doc. 221) Clarifying Plaintiff's Filing Date Pursuant to D. Kan. Rule 5.4.3(d) (Dkt. No. 263).

Because plaintiff is proceeding pro se, this court construes his motions liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). When reviewing the magistrate's Report and Recommendation, this court will only "modify or set aside any part of that order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see also Elrod v. Swanson*, 478 F. Supp.2d 1252, 1259 (D. Kan. 2007). For the following reasons, the court denies plaintiff's motions and grants the defendants' motion.

**I. Factual Background**

Plaintiff, Brian Brown, is an inmate at the United States Penitentiary McCreary in Pine Knott, Kentucky. Plaintiff filed the present lawsuit alleging various constitutional violations relating to his incarceration at the United States Penitentiary in Leavenworth, Kansas. The specific background of this case is summarized in several of the courts past Orders and incorporated herein. *See* (Dkt. Nos. 13, 75, 102, and 164).

**II. Rulings on Pending Motions and Objections**

*1. Objection to Report and Recommendation (Dkt. No. 196) and Motion for Hearing (Dkt. No. 197).*

Plaintiff's Objection to Report and Recommendation and Motion for a Hearing, (Dkt. Nos. 196 and 197) are identical and will be considered together by this court. Plaintiff argues that, in light of new evidence, this court should reconsider the magistrate's Report and Recommendation and grant him a hearing. However, plaintiff's motion does not specify any new evidence which warrants a hearing or requires this court to reconsider the magistrate's Order. Because plaintiff provides no new evidence, plaintiff's Objection fails and he is not entitled to a hearing. Therefore, plaintiff's Objection to Report and Recommendation (Dkt. No. 196) and Motion for Hearing (Dkt. No. 197) are denied.

*2. Objection to Report and Recommendation (Dkt. No. 203).*

In his second objection, plaintiff also argues that this court should reconsider the magistrate's Report and Recommendation (Dkt. No. 193). Specifically, plaintiff raises the following objections: (1) the court erred when it concluded plaintiff's filings were late, because plaintiff is following the mailbox rule; (2) the court erred when it concluded he is raising a new issue; (3) plaintiff objects to the court's ruling requiring plaintiff to exhaust administrative remedies prior to seeking relief on those complaints from this court; and (4) plaintiff objects to the magistrate's finding that he is not legally disabled.[1] The court will address each argument in turn.

---

[1] Plaintiff also brings the same "legal disability" argument in four subsequent filings. *See* Plaintiff's Declaration of Legal Disability (Dkt. No. 213); Notice to the Court by Plaintiff (Dkt. No. 223); Notice of Legal Disability, Notice of Address Change, Request Equitable Tolling (Dkt. No. 238); Notice of Legal Disability, Notice to Judge (Dkt. No. 241).

First, plaintiff objects to the magistrate's characterization of his filings as "untimely." However, plaintiff fails to show that his untimely filings prejudiced him in any way. The Report and Recommendation did refer to some of plaintiff's filings as "untimely," but the magistrate still considered plaintiff's late filings. Specifically, the magistrate stated:

> Plaintiff technically did not file a timely response to Defendants' two pending motions. (Docs. 170, 174.) Two of Plaintiff's pending motions (Docs. 172, 176) do, however, implicate certain of the issues raised in Defendants' motions and, therefore, will be considered as responsive to Defendants' motions (Docs. 170, 174.) After filing various requests for additional time based on his perceived "legal disability," which the Court is not inclined to grant (*see* below), Plaintiff filed an "objection" and "motion to deny" Defendants' Motion for Reconsideration. (Doc. 183.) Plaintiff also did not file a reply to Defendants' responses to certain of Plaintiff's pending motions (Docs. 172, 176, 178, 182, 186). Thus, in regard to these motions, Plaintiff either did not respond/reply or did so in an untimely manner. D. Kan. R. 6.1(d)(1). *Where appropriate, however, the Court will consider Plaintiff's responsive arguments.*

(Dkt. No. 193, pgs. 2-3) (emphasis added). Plaintiff has shown no connection between the magistrate's ruling and plaintiff's late filings. To the extent that plaintiff did file late, the magistrate did not penalize plaintiff. Because plaintiff's argument has no basis, this court denies his objection on this ground.

Plaintiff's second and third arguments blend together. Essentially, plaintiff argues that he is not raising a new issue, but only raising evidence of a continuing violation and, thus, he is not required to exhaust administrative remedies. Plaintiff contends the defendant seeks to prevent him from filing any pleading if he has not exhausted administrative remedies. However, the magistrate explicitly found that defendants argued only that "plaintiff must exhaust his administrative remedies prior to seeking redress in this lawsuit for newly raised factual complaints." (Dkt. No. 193, pg. 8). Further, the magistrate judge found that "[e]ven assuming Plaintiff had exhausted his administrative remedies prior to alleging new facts and/or making complaints about Defendants, adding [additional]

complaints to the present, in-progress lawsuit would be improper." (Dkt. No. 193, pgs. 7-8). The magistrate's ruling was not clearly erroneous or contrary to law. Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2000); *see also Koch v. Neubarth*, No. 09-CV-00116, 2010 WL 1791141, at *1 (E.D. Cal. May 3, 2010). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 210-11 (2007). The PLRA also prohibits a plaintiff from adding factual claims against a defendant that arose after the suit was filed. *See* 42 U.S.C. § 1997e(a); *Koch*, 2010 WL 1791141, at *1 (holding "[i]n light of section 1997e(a), Plaintiff may not add to his claim against Defendant . . . that arose after this suit was filed); *Coit v. Zavaras*, No. 98-cv-02031, 2006 WL 3392949, at * 4 (D. Colo. Nov. 24, 2006) (stating "[t]o allow the Plaintiff to include claims which have not been properly grieved through the administrative process circumvents the requirement of exhaustion of administrative remedies prior to involvement by the court, prejudices the defendants by raising issues outside of the scope of this lawsuit, and detracts the court from the efficient administration of this case").

Plaintiff argues he is not raising new claims, but merely demonstrating continuing violations of his right to access the court—a claim he alleged in his Original and Amended Complaints. Plaintiff states he "is attempting to inform the Court, that the Defendants, or the Bureau of Prisons, has blocked his access to this Court, and, that is the reason for the delay." (Dkt. No. 203, pg. 10). It

is unclear exactly what specific violations plaintiff is alleging.[2] It appears plaintiff is alleging violations of his right to access in instances that are wholly unrelated to his incarceration in Leavenworth. While it is not clear that plaintiff failed to exhaust administrative remedies on those claims, it is clear that any factual complaints unrelated to those alleged in the Original and Amended Complaints are barred by 42 U.S.C. § 1997e(a). *See Koch*, 2010 WL 1791141, at *1; *Coit*, 2006 WL 3392949, at *4. The magistrate held any claims alleged after plaintiff filed suit cannot be raised in this action; this court agrees with that ruling. Therefore, to the extent plaintiff alleges factual claims that arose after he filed suit, those claims are barred regardless of whether he exhausted administrative remedies. Plaintiff's objection on this issue is denied.

Plaintiff's fourth argument is "[t]hat this Court erred when it denied the doctrine of Legal Disability, and refused to toll the pleadings or take notice, of delays, not the fault of Plaintiff, and at times the fault of Defendants (individually). And without a hearing to prove issues before the Court a Manafest [sic] of Injustice occurred." (Dkt. No. 203, pg. 15). In addition to the magistrate's Report and Recommendation (Dkt. No. 193), this court has previously ruled on and denied plaintiff's legal disability claim on several occasions. *See* (Dkt. Nos. 59, 102, 133, and 164). First, on August 15, 2007, this court held that it lacked jurisdiction over unexhausted claims involving denials of postage, copies, and access to the law library that occurred in another penitentiary and in another state. (Dkt. No. 59, pg. 2). Next, this court held that it would only consider claims arising out of conduct that allegedly occurred while plaintiff was incarcerated at the penitentiary in Leavenworth, Kansas. Specifically, the court stated:

---

[2]It is important to note that all plaintiff's complaints against the Bureau of Prisons are irrelevant in this action because the Bureau of Prisons is not a party to this case.

> Brown's complaints are all directed at his conditions of incarceration by the Bureau of Prisons. There are administrative procedures within the prison system to address the types of complaints being lodged by Brown in this motion and this Court has no control or direction over those procedures. The Bureau of Prisons is not a party to this case. To the extent that Plaintiff has complaints about use of word processors or possession of documents, these complaints must be addressed within the administrative procedures of the prison where he is incarcerated. This case has limited claims relating to conduct that allegedly occurred while Plaintiff was incarcerated in Leavenworth, Kansas, and the Court can not, and will not, allow Plaintiff to attempt to raise wholly unrelated complaints and issues in this action.

(Dkt. No. 102, pg. 9). Next, this court stated:

> The Court has previously noted that these requests for orders concerning his current conditions of incarceration and requests for hearings concerning those motions are not properly before the Court in this case. Defendants urge that any such complaints require administrative exhaustion under The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e)(a). The Court agrees. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Woodford v. Ngo*, 548 U.S. 81, 94 (2006); and *Jones v. Bock*, 549 U.S. 199, 211 (2007).

(Dkt. No. 133, pgs. 3-4). For the same reasons, plaintiff's current legal disability claims also fail. As the magistrate judge found, plaintiff's claims of legal disability constitute unexhausted claims, which this court has no jurisdiction to consider. *See* 42 U.S.C. § 1997e(a). Like plaintiff's past complaints of legal disability, his current complaints do not arise from his incarceration in Leavenworth. As such, his current complaints constitute new claims that this court does not have jurisdiction to entertain. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. at 211; *Woodford v. Ngo*, 548 U.S. 81, 94 (2006); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Even if plaintiff's claims were not barred because of his failure to exhaust administrative remedies, his claim would still fail because he is not under a "legal disability" as defined by Kansas law. Congress did not establish a statute of limitations or tolling rules in § 1983 suits; therefore, state law governs tolling in such situations. *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004). Under Kansas law, a person is under a legal disability if the person "is less than 18 years of

7

age, an incapacitated person or imprisoned for a term less than such person's natural life." KAN. STAT. ANN. § 60-515(a) (2005 & Supp. 2009). The same statute also provides "if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability." *Id.*; *see also Duncan v. Jenkins Co.*, No. 93-2549, 1994 WL 377148, at *2 (D. Kan. June 28, 1994) (holding that plaintiff was not legally disabled because he did have access to the courts for purposes of bringing the action). Plaintiff was able to file suit to bring this action and he has filed several other motions and documents during the course of this litigation. His ability to file suit and to file pleadings with this court dooms his legal disability argument. Pursuant to KAN. STAT. ANN. § 60-515(a), it is clear that plaintiff is under no legal disability. Therefore, because plaintiff does have access to the court and he failed to exhaust his administrative remedies regarding his legal disability claim, plaintiff's objection on this ground is denied. The magistrate judge did not err when he denied plaintiff's Emergency Motion to Take Leave, to Stay Proceedings Due to Legal Disability (Dkt. No. 178).

Finally, plaintiff objects to the extension of the deposition time from 7 hours to 12 hours. He argues that defendants want extra time to depose him only so they can waste the court's time and further prejudice plaintiff's ability to depose and discover undisputed facts. The magistrate specifically found that "[c]onsidering the volume of subjects and parties to be addressed in Plaintiff's deposition, the Court finds Defendants' arguments to be valid and hereby GRANTS this portion of Defendants' Motion to Reconsider (Doc. 170)." (Dkt. No. 193, pg. 6). Because this court finds there was a sound basis for that ruling, plaintiff's objection is denied. Further, defendants deposed plaintiff on December 7 and 8, 2010, therefore, plaintiff's objection is denied as moot.

*3. Plaintiff's Declaration of Legal Disability (Dkt. No. 213); Notice to the Court by Plaintiff (Dkt. No. 223); Notice of Legal Disability, Notice of Address Change, Request Equitable Tolling (Dkt. No. 238); Notice of Legal Disability, Notice to Judge (Dkt. No. 241).*

In each of these pleadings, plaintiff further alleges that he is under a legal disability. First, he contends he is under a legal disability because Bureau of Prison officials denied him legal supplies and postage after he was transferred to United States Penitentiary McCreary in Pine Knot, Kentucky. (Dkt. No. 238). Second, plaintiff alleges legal disability because the staff at McCreary informed him that his copying and mailings would be delayed for 25 days. (Dkt. No. 241). As previously stated, plaintiff's claims of legal disability fail because he is under no legal disability and because he failed to exhaust administrative remedies. *See* Section II.2.

Plaintiff also requests equitable tolling to extend the time to respond to defendants' motions or court orders. Because this court has granted extended deadlines in its November 8, 2010, Order, this request is moot. *See* (Dkt. No. 244).

*4. Plaintiff's Emergency Request for Hearing, Imminent Danger of Serious Harm and Constitutional Violations (Dkt. No. 194).*

In this motion, plaintiff claims that, upon advice of counsel, his Unit Managers denied him access to postage, administrative remedies, and an informal resolution of his complaints, which constitute a legal disability. Plaintiff also claims that he was transferred from a safe prison to a death row prison, in which "stabbing gangs" reside, as a direct result of this case.

As indicated above, plaintiff must exhaust his administrative remedies before raising new claims in this court. *See* 42 U.S.C. § 1997e(a). Because plaintiff failed to exhaust administrative remedies regarding these claims, this court refuses to address plaintiff's claims pertaining to this motion, and his motion is denied.

*5. Plaintiff's Request and Motion for Permission to Appeal Interrogatory (Dkt. No. 229).*

Plaintiff seeks permission from this court to appeal the court's Order Granting Defendant's Motion to Clarify (Dkt. No. 221). Because the court found good cause to issue that order, the court denies plaintiff's request for permission to appeal. Plaintiff's appeal is also interlocutory and not subject to immediate appeal. *See S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1270 (10th Cir. 2010).

*6. Plaintiff's Motion to Compell [sic] Defendants (Dkt. No. 247).*

Plaintiff moves this court to compel the United States Attorney's Office to disclose the last known address and personal information on remaining defendants who have not been served. On July 2, 2010, this court ordered defendants to submit the addresses of the no-longer employed and newly added defendants. This court further ordered defendants to redact the current addresses of the former Bureau of Prisons defendants from any copies of summons and/or return of service. (Dkt. No. 193). Defendants provided the last known addresses of those defendants and attempted service was made, but returned unexecuted as to defendants Schlack, Wheeler, and Matthews. (Dkt. Nos. 216, 217, and 218). This court has already ordered, and defendants have provided, the information plaintiff seeks in this motion. It is through no fault of defendants that Schlack, Wheeler, and Matthews have not been served. Therefore, this court will reaffirm and amend its November 8, 2010, order. Plaintiff has until **April 29, 2011**, to serve defendants Schlack, Wheeler, and Matthews. If plaintiff fails to serve these defendants by this day, the court will dismiss all claims against these three defendants. Plaintiff's motion is denied.

*7. Plaintiff's Motion for Leave to Request Removal of Protection Order Prevent Manafest [sic] Injustice (Dkt. No. 251).*

In this motion, plaintiff seeks the same relief he requested in his Motion to Compel (Dkt. No. 247). For the reasons stated immediately above, the court denies this motion.

*8. Plaintiff's Emergency Leave Motion for Appointment of Pro-Bono Counsel Manafest [sic] of Injustice (Dkt. No. 252).*

In this motion, plaintiff requests appointment of pro bono counsel from the Kansas Federal List so plaintiff can serve defendants Schlack, Wheeler, and Matthews. As conceded by plaintiff, the Tenth Circuit has recognized that a prisoner filing a 42 U.S.C. § 1983 suit has no constitutional right to appointed counsel. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). The court may, pursuant to 28 U.S.C. § 1915(e)(1) (2000), appoint an attorney to represent any person unable to afford counsel in a civil case. When making this decision, the Tenth Circuit has outlined some factors the district court should consider such as "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir.1991)).

This court finds that all the factors weigh against the plaintiff. As demonstrated by plaintiff's numerous filings and firm grasp of the fundamental issues in this case, the court finds plaintiff has the ability to present his claims. Further, the nature of the claims are not particularly complex and do not necessitate the assistance of counsel. Finally, without passing final judgment on plaintiff's claims, it appears plaintiff's potential for success on the merits is not high. Plaintiff only argues he needs counsel so he can serve defendants Schlack, Wheeler, and Matthews. Such an argument fails

to present special circumstances which require this court to appoint counsel for plaintiff. *See Rucks*, 57 F.3d at 979 (stating that "where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communication" constituted special circumstances justifying appointment of counsel) (citing *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985)). Therefore, because plaintiff fails to show special circumstances warranting appointment of counsel, this motion is denied.

*9. Plaintiff's Motion for Leave of Court to Address Request for Interlocutory Appeal, Mandamus Request (Dkt. No. 253).*

In this motion, Brown again seeks permission to appeal the court's Order Granting Defendant's Motion to Clarify (Dkt. No. 221) and requests defense counsel to provide the current address of the remaining unserved defendants. For the reasons stated above in Sections II.5 and II. 6, this court denies plaintiff's motion.

*10. Plaintiff's Emergency Motion for Extension of Time to Answer the Current Documents Before this Court (Dkt. No. 254).*

Plaintiff seeks an additional 60 days to respond to any actions currently pending before this court. On November 8, 2010, this court granted plaintiff until January 14, 2011, to file any further motions and until March 1, 2011, to respond to any motions. These deadlines are sufficient and plaintiff's request for an additional 60 days is denied. It is also important to note that plaintiff is currently housed in United States Penitentiary McCreary in Pine Knot, Kentucky, and has access to all his legal documents.

*11. Defendants' Motion to Amend this Court's September 20, 2010, Order (Doc. 221) Clarifying Plaintiff's Filing Date Pursuant to D. Kan. Rule 5.4.3(d) (Dkt. No. 263).*

Defendants filed this motion on December 17, 2010, in response to plaintiff's several objections to the court's Order. For good cause shown, defendants' motion (Dkt. No. 263) is granted.

This court's September 20, 2010, Order is amended to clarify that nothing in that Order deprives plaintiff of the "Prison Mailbox Rule," because his pleadings are deemed filed on the date he properly certifies he gave such pleading to prison officials in accordance with that rule. The court entered that Order solely for the purposes of calculating the due date for defendants to respond or reply to any pleading filed by plaintiff. For purposes of defendants' response times, the filing date of plaintiff's pleadings shall be the date the clerk enters the pleading on the docket. Further, plaintiff need only mail his pleadings to the clerk of the court and does not need to mail an additional copy to defense counsel. As a result of granting this motion, the following motions[3] made by plaintiff are denied:

- Dkt. No. 224: Plaintiff's Objection to Dkt. 219 to Clarify Plaintiff's Filing Date Pursuant to D. Kan. Rule 5.4.3(d) (titled Plaintiff Objects and Moves this Court to "Deny" the Defendants Attempt to Ignore Supreme Court and Circuit Court Precedents

- Dkt. No. 226: Plaintiff's Objection to Denial of Mailbox Rule

- Dkt. No. 227: Plaintiff's Objection to Refusing to Allow Response

- Dkt. No. 246: Plaintiff's Traverse to the Defendants Attempt to have the Court Re-Set Deadlines with Objections

---

[3] Plaintiff also seeks leave to appeal the court's September 20, 2010, Order. *See* Plaintiff's Request and Motion for Permission to Appeal Interrogatory (Dkt. No. 229) and Plaintiff's Motion for Leave of Court to Address Request for Interlocutory Appeal, Mandamus Request (Dkt. No. 253). This court has denied these motions on other grounds in this Order. However, the court also denies these motions by granting defendants' Motion to Amend (Dkt. No. 263).

**III. Conclusion**

For the reasons stated above, this court denies all of plaintiff's objections and motions. This court also adopts the magistrate's Report and Recommendation. The court grants the defendants' motion. The court would like to stress that any further pleadings by plaintiff should be limited to the claims relating to his incarceration in the Leavenworth Penitentiary and contained in the Complaint or Amended Complaint. This court cannot and will not allow plaintiff to raise new factual complaints in this case that are wholly unrelated to plaintiff's incarceration in Leavenworth.

IT IS ACCORDINGLY ORDERED this day 21st day of March, 2011, that the following motions and objections filed by plaintiff are denied:

(1) Plaintiff's Objection to Report and Recommendation (Dkt. No. 196) and Motion for Hearing (Dkt. No. 197);

(2) Plaintiff's Objection to Report and Recommendation (Dkt. No. 203);

(3) Plaintiff's Declaration of Legal Disability (Dkt. No. 213); Notice to the Court by Plaintiff (Dkt. No. 223); Notice of Legal Disability, Notice of Address Change, Request Equitable Tolling (Dkt. No. 238); Notice of Legal Disability, Notice to Judge (Dkt. No. 241);

(4) Plaintiff's Emergency Request for Hearing, Imminent Danger of Serious Harm and Constitutional Violations (Dkt. No. 194);

(5) Plaintiff's Request and Motion for Permission to Appeal Interrogatory (Dkt. No. 229);

(6) Plaintiff's Motion to Compell [sic] Defendants (Dkt. No. 247);

(7) Plaintiff's Motion for Leave to Request Removal of Protection Order Prevent Manafest [sic] Injustice (Dkt. No. 251);

(8) Plaintiff's Emergency Leave Motion for Appointment of Pro-Bono Counsel Manafest [sic] of Injustice (Dkt. No. 252);

(9) Plaintiff's Motion for Leave of Court to Address Request for Interlocutory Appeal, Mandamus Request (Dkt. No. 253);

(10) Plaintiff's Emergency Motion for Extension of Time to Answer the Current Documents Before this Court (Dkt. No. 254).

IT IS FURTHER ORDERED that Defendants' Motion to Amend this Court's September 20, 2010, Order (Doc. 221) Clarifying Plaintiff's Filing Date Pursuant to D. Kan. Rule 5.4.3(d) (Dkt. No. 263), is granted. Consequently, the following motions made by plaintiff objecting to the court's Order are denied:

Dkt. No. 224: Plaintiff's Objection to Dkt. 219 to Clarify Plaintiff's Filing Date Pursuant to D. Kan. Rule 5.4.3(d) (titled Plaintiff Objects and Moves this Court to "Deny" the Defendants Attempt to Ignore Supreme Court and Circuit Court Precedents)

Dkt. No. 226: Plaintiff's Objection to Denial of Mailbox Rule

Dkt. No. 227: Plaintiff's Objection to Refusing to Allow Response

Dkt. No. 246: Plaintiff's Traverse to the Defendants Attempt to have the Court Re-Set Deadlines with Objections

IT IS FURTHER ORDERED that the court's November 8, 2010, Order is amended by providing that plaintiff has until **April 29, 2011**, to serve defendants Schlack, Wheeler, and Matthews. If plaintiff fails to serve these defendants by this day, the court will dismiss all claims against them.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE