IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN BROWN,

        Plaintiff,

        vs.                  Case No. 06-3003-JTM

MICHAEL GRAY, ET. AL.,

        Defendants.

MEMORANDUM AND ORDER

Before the court are plaintiff's Motion for Appointment of Counsel (Dkt. No. 317) and

Motion for Recusal (Dkt. No. 320). As follows, the court denies the motions.

In his motion for counsel, plaintiff asserts he is unable to present his case or investigate his

claims without counsel. Plaintiff fears he is unable to meet deadlines and will be prejudiced because

he is housed in the Special Housing Unit. This court has denied plaintiff's request for counsel in the

past. *See* Dkt. Nos. 13, 63, 133, 164, 306. As the court found previously, "[a]s demonstrated by

plaintiff's numerous filings and firm grasp of the fundamental issues in this case, the court finds

plaintiff has the ability to present his claims." Dkt. No. 306. Additionally, Brown has not shown a

lack of counsel has or will prevent him from meeting required deadlines. Thus, the court denies the

motion.

Next, Brown moves for recusal of the undersigned under 28 U.S.C. §§ 144 and 455. Section

144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144 (2006). "Such affidavits are strictly construed against the affiant and the moving party has a substantial burden in establishing the judge is not impartial." *United States v. Stewart*, 378 Fed. App'x 773, 776 (10th Cir. 2010) (citing *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)). Section 455 is broader and provides for disqualification when "impartiality might reasonably be questioned" or in specific circumstances such as "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[1] The Tenth Circuit has provided that "disqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's

---

[1]This section provides, in pertinent part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(a)-(b) (2006).

impartiality." *United States v. Mendoza*, 468 F.3d 1256, 1261 (10th Cir. 2006). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Plaintiff has not pointed to any evidence establishing that recusal is warranted under 28 U.S.C. §§ 144 or 455. First, plaintiff argues recusal is warranted because the court has shown prejudice by granting defendants extra time to file pleadings while not allowing plaintiff extensions of time to file. This allegation of prejudice is clearly disproved by the record. Within the past few months this court has granted five motions giving plaintiff additional time to respond to pleadings. *See* Dkt. Nos. 338, 343, 348, 351, 364. In fact, this court has granted two of plaintiff's motions seeking an extension of time to file a reply to defendants' response of his recusal motion. *See* Dkt. Nos. 338 and 348. Thus, plaintiff cannot show the court is prejudiced against him for failing to grant him extensions of time.

Next, plaintiff argues the court is biased against him because it has prejudged the facts. In a previous order denying his motion to appoint counsel the court stated, "*without passing final judgment on plaintiff's claims*, it appears plaintiff's potential for success on the merits is not high." Dkt. No. 306, pg. 11 (emphasis added). This, however, is not evidence of bias. It merely constituted part of the calculus for determining whether plaintiff was entitled to counsel. In any event, judicial remarks that are critical or even hostile to a party do not support a bias finding unless they reveal such a high degree of favoritism that fair judgment is impossible. *See Liteky*, 510 U.S. at 555. The court's comment here does not support a finding of bias.

3

Third, plaintiff argues the court is biased because it has failed to provide him the addresses of three unserved defendants and has failed to appoint him counsel. This argument fails because it is not the court's function to provide the addresses and whereabouts of defendants that cannot be located. Additionally, the court's refusal to appoint counsel is not evidence of bias. The court has carefully reviewed all of plaintiff's motions for counsel and has determined each time that he is not entitled to counsel, a decision predicated on well supported facts, not bias.

Last, plaintiff asserts a highly unsupported claim that one of the undersigned's relatives once tried to sexually assault plaintiff's wife over twenty years ago. Plaintiff, however, offers no further support for this assertion, other than claiming his wife's alleged attacker and the undersigned share the same last name. This case has been pending for over five years and this is the first time plaintiff has raised this unsubstantiated allegation. "'A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation.'" *United States v. DeClerck*, 252 Fed. App'x 220, 223 (10th Cir. 2007) (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).

Despite plaintiff's many attempts, the record does not reflect that the court is personally biased against him. The undersigned also finds he should not recuse himself under § 455 because his impartiality is not reasonably in doubt. Therefore, this court denies plaintiff's motion to recuse.

IT IS ACCORDINGLY ORDERED this 29th day of July 2011, that plaintiff's Motion for Appointment of Counsel (Dkt. No. 317) and Motion for Recusal (Dkt. No. 320) are denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

4